In the Matter of RICHARD L. SCHROEDER et al., Petitioners, against THOMAS D. KREUTER et al., as Members of the Board of Appeals of the City of New Rochelle, Respondents.

Supreme Court, Special Term, Westchester County, May 7, 1954.

*Benjamin Burstein* for petitioners.

*Murray C. Fuerst, Corporation Counsel (John A. Bodmer* of counsel), for respondents.

*Dunlop, Otto & McGovern* for Leonard Markel and others, interveners-respondents.

EAGER, J.   This is an article 78 proceeding to review and annul the determination and resolution of the board of appeals of the City of New Rochelle which granted permission to conduct a beach club upon particular premises situate in a residential district.

There is the question preliminarily raised as to whether the proceeding is to be forthwith transferred to the Appellate Division pursuant to the provisions of subdivisions 6 and 7 of section 1296 of the Civil Practice Act.   The rule is that a proceeding of this nature, that is, a proceeding to review a determination made by a board following a hearing held pursuant to statutory direction, is to be disposed of at Special Term rather than to be transferred to the Appellate Division unless it is claimed that there was a failure to prove facts sufficient to sustain the determination made, or unless it is claimed that the determination made was contrary to the weight of the evidence.   (*Matter of*

*Little* v. *Richter,* 277 App. Div. 1119.) In view of this rule, the court has had no difficulty reaching a conclusion that this case is to be here determined and not transferred.

There is no question here as to the failure of or the sufficiency or insufficiency of evidence produced at the hearing to sustain the determination of the board. The fact is, that, although a hearing was called and held, there was no evidence taken thereat. We do not have here " a hearing held, and at which evidence was taken, pursuant to statutory direction ". (See said Civ. Prac. Act, § 1296.) No witnesses were called and sworn. No exhibits were introduced. What the board did was to permit all who attended to speak for or against the application for the beach club use. There were speeches and arguments, and, it is true, that these contained some presentation of fact for and against the application. No party, however, made or attempted to make a record at the hearing to be reviewed by any court. It is apparent that the parties then took and now take the position that there was and is no substantial dispute as to the facts.

What we have here in this proceeding is solely a question of law properly determinable by this court at Special Term, namely, whether the board of appeals had the power to grant the beach club permit. If it had the power, then, under the circumstances here, it may not be said that its determination was arbitrary, capricious or unreasonable, and its determination is to be sustained. On the other hand, if the permit was not authorized by the terms of the local Zoning Ordinance, then, of course, the particular determination and resolution should be annulled.

The power of the board of appeals in this case is limited by the terms of the local ordinance. It is noted that, by virtue thereof, these premises are located in an R-1 residential district. This particular classification is the most restricted of residential districts in the city. The ordinance specifically provides that " in an R-1 District no building or premises shall be used and no building or part of a building shall be erected or altered which is arranged, intended or designed to be used, in whole or in part, for any purpose except the following: * * * (6) Club house, if approved by the Board of Appeals " as in such ordinance provided; and the ordinance further provides that " The Board of Appeals may in a specific case after public notice and hearing and subject to appropriate conditions and safeguards * * * permit a clubhouse in an R-1 * * * District."

It is pursuant to the aforesaid provisions that the owners of the premises in question made application for permission to conduct a beach club thereon. The premises are located on what

is known as Davenport Neck in the said city of New Rochelle and front on Long Island Sound. In fact, the premises consist of a lot 268.63 feet wide, extending from Davenport Avenue to the Sound. The lot has a depth from Davenport Avenue of 706.67 feet on the south side and 583.39 feet on the north side.

The board found the premises to be suitable for a beach club and expressly provided that the permit to so use it was limited to a bona fide membership club with not more than 150 members and with no parking to be allowed on the street.

There is no question but that the subject premises are clearly suitable and desirable for beach club use. But that, of course, is not the point. The board is restricted to action in accordance with the terms of the ordinance. If it had no power to authorize a beach club use in a residential district, its action must be annulled. A board of appeals does not have legislative powers. (See Rathkopf, " The Law of Zoning and Planning ", § 20, p. 150 *et seq.*) It may not amend the local ordinance, even though present conditions in the neighborhood may justify a change. The existence of other beach or shore clubs near at hand is of no great significance in this proceeding. If, in fact, the circumstances of the city and the development in that area indicate that a change has taken place, the remedy should come from the common council in the form of an amendment to the ordinance and not from the board of appeals in the form of an exercise of unconferred power.

Here, the ordinance authorizes the board to permit " club house " uses in residential districts. There is no authority given to it to permit premises, lands and buildings to be used for beach club or general club purposes. Clearly, there is a real distinction. Generally, the use of land and a building for " club house " purposes or the erection of a building on land as a " club house " would not adversely affect the character of the neighborhood because the activities usual to " club house " are generally confining and not spread all over the lot. Here we have a comparatively large lot, and the proposed clubhouse use is comparatively insubstantial to the use to which the entire lot is to be put. It appears that there are to be 65 cabanas and 134 bathhouse lockers erected about the premises; two tennis courts are to be installed; there is to be a swimming pool and wading pool, and a large parking lot to accommodate some 150 cars; and provision is made for a beach area and play area for all beach and play activities. Clearly, the proposed use is generally inconsistent with restricted residential use and is not a " club house " use.

A club operating a bathing beach, and having almost no other significant purpose is really engaged in an activity usually conducted as a business and is very likely to attract to a limited area numbers great enough in themselves to seriously affect the character of a residential neighborhood. During the summer months a membership of 150 as authorized by the board, together with family and guests, could easily result in an influx of 300 to 500 people daily crowding on this property and using it not as a club but as a bathing beach and nothing else.

It is the opinion of the court that all the board had power to do was to grant a permit for use of the existing building and the proposed buildings as a " club house ". If these buildings then met all the physical requirements for dimensions, location, etc., prescribed in the ordinance, the subsequent activities of the club would be limited to uses reasonable to clubhouse purposes. This seems to follow from the terms of the ordinance which limit accessory uses to those customarily incident to the expressly permitted uses.

The court is of the opinion, therefore, that the determination and resolution of the board of appeals is to be annulled. It is so ordered, without costs.

Submit order on notice.