Robert Doscher, J.
This is an action for a declaratory judgment in which both vitally interested parties (the Town of Greenburgh Zoning Board of Appeals having agreed to take no active part in the controversy) have moved for summary judgment.
The cause had its true beginning on or about April 2, 1957. When defendants Cowle, as contract-vendees and one Fubini (not a party to this action), as contract vendor, made application to the Zoning Board of Appeals of the Town of Greenburgh “ for a permit to apply to the * * * premises ” consisting of 3.5 acres and commonly referred to as the Philipines Villa. The application described the then existing structure and proposed new construction. The specified reason for the application was “for the purpose of operating the premises * * * as an all-year-round educational day school ”.
This application was processed by the Zoning Board of Appeals and a public hearing thereon was held on April 16, 1957. There was no decision rendered on that date, but time was allowed to objectants to file briefs. A decision apparently in favor of applicants was rendered on May 21, 1957, but annulled on May 27, 1957. At a regular meeting of the Zoning Board of Appeals, held on June 18, 1957, the board directed “ the Building Inspector to issue a certificate of occupancy to permit Cowle to conduct a day school in conformity with the Town Zoning Ordinance ”.
Plaintiffs charge that the entire proceeding before the Zoning Board of Appeals is a nullity. In this they are correct. Nowhere is the Zoning Board of Appeals given original jurisdiction for the issuance of permits where a use as of right exists or is claimed. In the case at bar, there never was an application to the building inspector upon which he acted. It would appear *185 from the minutes of the board’s meeting of April 16, 1957, that there was ‘' an informal referral by the Building Inspector ’ ’ to the board. Over such informal referrals, jurisdiction was never conferred on the board. Its actions in directing the building inspector to issue a permit are invalid and created no right in Cowle.
The record before this court is devoid of any allegation that any request for a certificate of occupancy was ever filed in the office of the building inspector (Building Zone Ordinance, art. I, § 7). If this void is indicative of the fact that the only application filed was to the Board of Appeals, no valid certificate could be issued by anyone.
Well might the court decline to go further in its decision. The certificate of occupancy having been found to be invalid, any occupancy as a day school operated by defendants Cowle would be illegal. Yet, the purpose of actions of this type is to quiet future litigation. Another material question has been presented upon which this court feels constrained to comment.
The Building Zone Ordinance (art. IV, § 1) details the uses permitted as of right in the district where the premises are located. It limits the use of “ buildings or premises ” (emphasis supplied) to those specified in the section, with the “ usual accessories ”. Subdivision (g) of the section provides for “ the conduct for gain of an educational building ” (emphasis supplied). It would appear, therefore, that if a valid certificate of occupancy were to be issued, for educational purposes conducted for gain, it would have to be limited to the building and the premises could only be used for those accessory uses customarily incident to the expressly permitted use (Matter of Schroeder v. Kreuter, 206 Misc. 198, affd. 284 App. Div. 972, affd. 308 N. Y. 993). Unfortunately, in the case at bar there is a question of fact as to whether the full use, as set forth in the application to the Zoning Board of Appeals, is for educational purposes and the court cannot pass on that matter at this time. It would be folly for any court to attempt generally to delineate the incidental uses customarily accessory to an educational building. Only specifics should be dealt with on this subject.
Summary judgment will be granted to plaintiff only to the extent of declaring null and void the decision of the Zoning Board of Appeals. The defendants’ motion for summary judgment will be denied.
Settle orders on notice.