■ BETTYE STREETER et al., Respondents, v. IRVING M. COWLE et al., Appellants, et al., Defendants.— In an action for a declaratory judgment and for other relief, the appeal is (1) from an order dated November 1, 1957 granting a motion for summary judgment striking out appellants' answer and denying appellants' cross motion for summary judgment dismissing the complaint, (2) from the judgment entered thereon, and (3) from so much of an order dated November 18, 1957 granting appellants' motion for reargument as adhered to the original decision. The order dated November 1, 1957 provides, and the judgment decrees, that the entire proceedings instituted by appellants before the defendant zoning board of appeals are null and void and that the certificate of occupancy issued by the defendant building inspector upon the mandate of the zoning board is likewise null and void. Order dated November 18, 1957 modified by striking therefrom everything following the words "upon such reargument" in the first ordering paragraph and by substituting therefor the words "the order dated November 1, 1957 is amended by striking therefrom everything following the words 'is hereby' in the second ordering paragraph and by substituting therefor the word 'denied'". As so modified, order insofar as appealed from unanimously affirmed, with $10 costs and disbursements to appellants. Appeal from order

dated November 1, 1957 dismissed, without costs, and judgment entered thereon vacated. In our opinion there is a question of fact to be determined as to whether the zoning. board had jurisdiction to make the determination complained of. If it did, then article 78 of the Civil Practice Act would seem to provide the proper procedure for review. (*Matter of Beckmann* v. *Talbot*, 278 N. Y. 146; *Baddour* v. *City of Long Beach*, 279 N. Y. 167; see Town Law, § 267; *Village of Plandome Manor* v. *Greene*, 5 A D 2d 850; *Matter of Foy* v. *Schechter*, 1 N Y 2d 604.) Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ. [10 Misc 2d 183.]