Richard M. Rosenbaum, J.
Petitioners are two Rochester city police officers who on the morning of June 12, 1972 were verbally ordered by respondent, sitting at City Court, Criminal Branch, to appear for a scheduled preliminary hearing in connection with charges of assault in the second degree brought against two defendants, Robert Tischle'r and Robert Conklin. When petitioners failed to appear one-half hour later they were summarily held in contempt of court, fined $250 each, and respondent stated that they could purge themselves by their appearance at said preliminary hearing at 2:00 p.m. that day. Petitioners failed to appear at the adjourned time, the orders of contempt of court for failure to appear were continued, and bench warrants were issued for petitioners’ arrest. Although there was rather lengthy discussion between the respondent Judge and the attorneys for both the People and the two defendants during the court proceedings, there is nothing in the record to indicate that the court itself or an officer of the court caused either written or oral notice of either the original order to appear or the contempt order to be given to the petitioners, and at no time were the petitioners before the court nor did they have an opportunity to explain the reasons for their behavior or offer a defense to the contempt charges. The record also discloses that no subpoena or other court mandate was issued originally requiring the petitioners to appear for this preliminary hearing. The record indicates that one petitioner may have been in court at the time of the original order and the other may have had knowledge of it.
Petitioners raise certain questions as to whether the respondent proceeded without or in excess of jurisdiction pursuant to CPLR 7803 (subd. 2), and whether the determination was made in violation of lawful procedure and was affected by an error of law pursuant to CPLR 7803 (subd. 3). Petitioners further maintain that the said orders were unconstitutional, irregular, wholly against the evidence and without any foundation in fact or law. Respondent maintains that the petitions should be dismissed on the grounds that article 78 is not a proper remedy to review the criminal contempt orders made herein and that petitioners should have proceeded by appeal. Respondent further maintains that even should an article 78 proceeding lie, the matter *602 must be referred to the Appellate Division of the Supreme Court pursuant to CPLR 7804 (subd. [g]). Finally, respondent contends that its orders adjudging petitioners in contempt of court were just, proper and legal.
Both CPLR 7801 (subd. 2) and sections 752 and 755 of the Judiciary Law provide for article 78 proceedings to review orders punishing persons summarily for contempt of court committed in the immediate view and presence of the court. In order for this court to' have jurisdiction of this matter pursuant to article 78, therefore, it must determine whether the contempt orders were made summarily and secondly, whether they were committed in the immediate view and presence of the court. Respondent maintains that the orders were not made summarily but in fact after a full hearing which provided an adequate record for review upon appeal. The court disagrees. It is obvious from the record that neither of the petitioners was present at the so-called hearing between respondent and counsel. That failure to be present was not due to their own inaction but to the court’s failure to properly notify petitioners so that they would have an opportunity to be heard to explain their actions and to offer a defense to the charges. Therefore, unlike the record in People v. Zweig (32 A D 2d 569) where the defendant was present at all times and had an opportunity to be heard, this case involves a record which is woefully inadequate and impossible for any court to review on appeal. An article 78 proceeding is not only proper here but is necessary so that the record can be completed by signed affidavits and the taking of testimony if the court deems it necessary.
Respondent argues, however, that article 78 does not lie for the reason that the failure of the petitioners to appear in court pursuant to the respondent’s order was not committed in the immediate view and presence of the court. This is essential in order for this court to have jurisdiction of the matter. (Matter of Grand Jury of County of Kings [Reardon], 278 App. Div. 206.)
In spite of the fact that neither petitioner was personally seen by the respondent or in his immediate view or presence, it still cannot be said that the acts held to be contemptuous were not themselves performed in the immediate view and presence of the court. Sections 752 and 755 of the Judiciary Law do not say that the person (emphasis mine) held in contempt be in the court’s immediate view and presence but only that the acts forming a basis for the contempt order be so. (Cf. 22 CarmodyWait 2d, New York Practice § 140:15, p. 481; People v. Higgins, 173 Misc. 96.) Here, the acts alleged to be contemptuous were *603 the failure of the petitioners to appear, not before some other body or court as in the Matter of Alberti v. Dickens (22 A D 2d 770) and other cases cited by respondent, but before the Trial Judge himself. It is this absence which of course was readily discernible to the respondent which therefore makes this case qualify for article 78 treatment. The cases cited by respondent are readily distinguishable because they involve failure to appear before or answer questions of a Grand Jury, naturally not in the court’s presence. Matter of Dillon v. Comello (34 A D 2d 1097) although involving a failure to answer questions before the trial court, was decided on the basis of People v. Zweig (32 A D 2d 569, supra) where the Appellate Division determined that since the avenue taken there was by appeal in the first instance and not by article 78, it would keep the matter since, regardless of whether the order was made in a summary or non-summary manner, there was in fact an adequate record for purposes of review .and the defense had been given ample opportunity to explain his behavior and present a defense. It is interesting to note that in both the Dillon case and the Zweig case, the District Attorney argued that upon the facts there presented, only an article 78 proceeding would lie and not an appeal.
The essential prerequisites for jurisdiction under article 78 having been met, the merits of the case must now be considered.
Subdivision 1 of section 751 of the Judiciary Law concerning punishment for criminal contempts states in pertinent part as follows: 1 ‘ such a contempt, committed in the immediate view and presence of the court, may be punished summarily; when not so committed, the party charged must be notified of the accusation, and have a reasonable time to make a defense.”
Section 755 concerning when punishment may be summary states in pertinent part as follows: “ Where the offense is committed in the immediate view and presence of the court, or of the judge or referee, upon a trial or hearing, it may be punished summarily. For that purpose, an order must be made by the court, judge, or referee, stating the facts which constitute the offense and which bring the case within the provisions of this section, and plainly and specifically prescribing the punishment to be inflicted therefor.”
This court has already decided that the acts herein complained of as constituting contempt were committed in the immediate view and presence of the court and were punished summarily. It does not necessarily mean that in all such cases, no notice need be given to the party charged with the offense. Obviously, where the acts complained of and the person performing the *604 acts are both, in the presence of the court, no problem of notice exists. (Matter of Douglas v. Adel, 269 N. Y. 144.) However, as stated earlier, we have the peculiar situation in this case of certain acts, namely failure to appear for a preliminary hearing, forming the basis for contempt within the immediate view and presence of the court without the persons performing those acts being present before said court. Notice is therefore indispensable in order to provide the absentees with an opportunity to excuse or justify their actions. (Cf. People v. Higgins, 173 Misc. 96, supra; see, also, Matter of Rotwein, 291 N. Y. 116.) Furthermore, the notice given must consist of more than a directive to appear in court as is the case here. Justice and fair play require that the parties to be charged are also apprised of the fact that their failure to comply with the court directive may subject them to a contempt of court adjudication and possible criminal punishment. (22 Carmody-Wait 2d New York Practice, §§ 140:15,140:16; see, also, Matter of Goodman v. Sala, 268 App. Div. 826.)
There was some indication in the record that one of the petitioners was actually present in the courtroom at the time of the original order and that the other petitioner knew about it. Had the court made the proper directive, then petitioners’ actual presence would gain significance and this court would be compelled to refer the matter back for taking of testimony on the issue of notice. Respondent’s order simply required petitioners to appear approximately one-half hour later for the scheduled preliminary hearing. Even assuming that the petitioners were both present at this time, there was no accompanying warning from the court stating that a failure to appear would subject them to contempt of court. They could have reasonably assumed that upon their absence, the court would merely dismiss the case for want of prosecution. Instead, upon their failure to appear, the court after consultation with counsel then and there adjudged petitioners in contempt of court. The fact that the petitioners were given an opportunity to purge themselves of said contempt in the afternoon session of court did not cure the original failure to convey proper notice since a binding contempt order had already been issued. Furthermore, notice to the District Attorney of the contempt proceedings was not sufficient to constitute proper notice to petitioners. (People v. Balt, 34 A D 2d 932.) It is therefore the court’s opinion that in spite of the fact that this was a summary proceeding, justice and fair play required adequate notice to be given by the court to these petitioners not only that they were being ordered to *605 appear in court for a preliminary hearing, but that their failure to appear might subject them to criminal punishment. The court’s failure to so apprise petitioners rendered the said contempt orders jurisdictionally defective and tainted them with the stamp of illegality.
The court is aware that orders issued by courts, no matter how erroneous or illegal, must be obeyed unless and until relief is granted by a higher court. (Ketchum v. Edwards, 153 N. Y. 534.)
The normal procedure in the prevailing situation would be to dismiss the case for failure to prosecute and not to try and force a preliminary hearing.
This court is troubled by what occurred here. The respondent knew that this case was to be presented to the Grand Jury for possible indictment. He knew that he could dismiss the case for failure to prosecute if witnesses were not produced for a preliminary hearing, and yet, instead of pursuing that course, he chose to pursue a course which could do nothing but possibly hinder the prosecution in compelling it to unnecessarily bare the People’s evidence to the defendants.
The time is long overdue for courts to desist from handicapping police officers in the conscientious pursuit of their duties. Persons who are arrested on suspicion of having committed a crime should have every constitutional protection but courts must never lose sight of the fact that those who are trying to enforce the law, not to mention victims of criminal activity, have rights that cry out for protection also. Unfortunately, crime, if one believes the statistics reported by the media, has become a national problem that has defied solution and to many constitutes a very profitable business. An honest career in law enforcement has never led to any reward except the satisfaction of seeing criminals separated from law-abiding society.
Respondent’s contention that this matter must be transferred to the Appellate Division pursuant to CPLR 7804 (subd. [g]) has no merit. (The question set forth in CPLR 7803 (subd. 4) was not specifically raised in petitioners’ papers, and in any event the determination herein was not made as a result of a hearing held, at which evidence was taken, pursuant to direction by law. (Matter of Schroeder v. Kreuter, 206 Misc. 198, affd. 284 App. Div. 972, affd. 308 N. Y. 993.)
The orders of respondent holding petitioners in contempt of court should be vacated.