In the Matter of the Application of PAULINE MINTZER, Appellant, against HARRIS H. MURDOCK and Others, Constituting the Board of Standards and Appeals of the City of New York, and NOSTMONT GARAGE, INC., Respondents.— Order denying the petitioner's application for an order directing the board of standards and appeals of the city of New York to certify and return to the Supreme Court their proceedings, decisions and actions concerning the application and appeal of the petitioner to set aside and annul the determination of the board of standards and appeals, reversed on the law and the facts, without costs, and motion granted, without costs.   The petition was filed within the time provided by the Administrative Code.█   Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

In the Matter of the Application of CHRISTINE EMMA NICKEL, as Executrix, etc., of LOUIS J. NICKEL, Deceased, Appellant, for a Mandamus Order against THE MAYOR and BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF FLORAL PARK, Respondents.— Judgment in favor of respondents, entered in a mandamus proceeding, and order denying appellant's motion to set aside the verdict of a jury, unanimously affirmed, with costs.   No opinion.   Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

In the Matter of the Application of LAEL VON ELM and CATHERINE J. VON ELM, His Wife, Petitioners, for a Certiorari Order against THE ZONING BOARD OF APPEALS OF THE INCORPORATED VILLAGE OF HEMPSTEAD, NASSAU COUNTY, NEW YORK, and the Members Thereof as Follows: JOHN DAVIDSON and Four Others, and ERNEST PEPPER and THERESA PEPPER, Respondents.— Proceeding under article 78 of the Civil Practice Act for a review of the determination of the zoning board of appeals of the Incorporated Village of Hempstead in granting the application of Ernest and Theresa Pepper for a variance to enable them to change their one-family house to a two-family house in a Residence A District in which such use is prohibited.   Determination annulled, with fifty dollars costs and disbursements, payable by the Zoning Board of Appeals of the Incorporated Village of Hempstead, and application for such variance denied.   The board was without jurisdiction to act upon the application in the first instance in the absence of a reference to it pursuant to an ordinance.   (Village Law, § 179-b.)   Assuming that the board had jurisdiction, there was no factual basis upon which a variance could be granted as for undue hardship and practical difficulties.   Neighboring violations of the zoning ordinance did not constitute practical difficulties or unnecessary hardship.   In the absence of proof of unnecessary hardship within the doctrine of the cases the applicants must have recourse to procuring a change in the zoning ordinance in the area.   Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.