In the Matter of the CITY OF NEW YORK, Acting for and on Behalf of the NEW YORK CITY HOUSING AUTHORITY, Relative to Acquiring Real Property within the Area Bounded Generally by Rockaway Avenue, Stone Avenue, Dumont Avenue and Sutter Avenue in the Borough of Brooklyn (Brownsville Houses). SOUTHLAND BEVERAGE CO., INC., Appellant; CITY OF NEW YORK et al., Respondents.— Appeal from an award made in a condemnation proceeding. Final decree, insofar as appealed from, unanimously affirmed, with costs. No opinion. Present — Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ. [See 270 App. Div. 765.]

In the Matter of the Probate of the Will of BERTA GATZKE, Deceased. ANNA LANGE, Appellant; HINRICH BUCK et al., Respondents.— Decree of the Surrogate's Court, Queens County, insofar as it denies probate to the instrument offered as the last will and testament of the decedent on the ground that its execution was procured by coercion and undue influence, and awards costs to the contestants herein, reversed on the law and the facts, and the matter remitted to the Surrogate's Court to enter a decree admitting the instrument to probate as prayed for in the petition. Insofar as the decree awards $700 to the special guardian for services, and $10 disbursements, it is unanimously affirmed. Costs on this appeal are awarded to the appellant and to the special guardian, payable out of the estate. Findings of fact that the instrument was duly executed and that the decedent had testamentary capacity affirmed. The other findings of fact and conclusions of law are reversed. The evidence fails to establish that the will of the decedent was overpowered so that she was unable to act freely upon her own volition. While the exercise of undue influence may, and most often must, be established by circumstantial evidence, there is no presumption that it was exercised, and it is not established by the fact that the sole beneficiary under the testamentary instrument was active in procuring its execution. Hagarty, Acting P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.

In the Matter of FRANK OSTROVE et al., Petitioners, against JACK COHEN et al., Constituting the Board of Appeals of the City of Long Beach, Respondents.— Proceeding under article 78 of the Civil Practice Act for a review of the determination of the Board of Appeals of the City of Long Beach in granting the application of Alice G. Murtha for a variance to enable her to change her one-family house to a two-family house in a Residence A District, in which the latter use is prohibited. Determination annulled, with $50 costs and disbursements, payable by the Board of Appeals of the City of Long Beach, and the application for such variance denied. There was no proof of " practical difficulties or unnecessary hardships " within the meaning of subdivision 2 of section 24 of the Zoning Ordinance. In the absence of such proof, it was improper to allow the variance. A general restriction may not be destroyed " * * * by piece-meal exemption of pieces of land equally subject to the hardship created in the restriction * * *." The remedy in such case is to procure a change in the zoning ordinance in the area. (*Matter of Levy* v. *Bd. of Standards & Appeals*, 267 N. Y. 347, 353–354; *Matter of Von Elm* v. *Zoning Bd. of Appeals of Inc. Vil. of Hempstead*, 258 App. Div. 989.) Present — Close, P. J., Carswell, Johnston, Adel and Lewis, JJ. [See 270 App. Div. 818.]