In the Matter of ANNA MILLER et al., Appellants, against CHARLES SILVER et al., Constituting the Board of Appeals of the City of Long Beach, Respondents.— Proceeding under article 78 of the Civil Practice Act to review and annul the determination of the zoning board of appeals of the City of Long

Beach granting an application for a variance to permit the use of a one-family dwelling as a two-family dwelling in a Residence " A " District, in which district the latter use is prohibited. Final order denying petitioners' application reversed on the law and the facts, the determination of the board of appeals annulled, with $50 costs and disbursements, and the application for a variance denied. This record presents no proof of " practical difficulties or unnecessary hardship " to the specific property involved within the meaning of section 81 of the General City Law or the provisions of the zoning ordinance of the City of Long Beach, as amended. " There must at least be proof that a particular property suffers a singular disadvantage through the operation of a zoning regulation before a variance thereof can be allowed on the ground of ' unnecessary hardship ' ". (*Matter of Hickox* v. *Griffin*, 298 N. Y. 365, 370–371.) Where a claimed hardship is common to other properties in the area and not one special and peculiar to the specific property, the remedy is by change in the zoning ordinance itself. The board of appeals may not amend a zoning ordinance under the guise of a variance. (*Matter of Clark* v. *Board of Zoning Appeals*, 301 N. Y. 86, 90–91; *Matter of Ostrove* v. *Cohen*, 269 App. Div. 1054.) Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ., concur.