Arthur, D. Brennan, J.
In this article 78 proceeding, the petitioner seeks to review and annul the determination of the Zoning Board of Appeals of the Town of G-reenburgh, which granted a special permit so as to authorize a nonprofit bath and tennis club to be maintained and operated on the subject premises. Answers have been interposed by the respondent board and by the respondent lessee but no reply has been made or served with respect to the affirmative matters contained in said answers.
Under these circumstances, it is clear that the new matter alleged in said answers must be deemed admitted and there being no triable issue present, the controversy may be summarily disposed of (Matter of Bernola v. Fletcher, 280 App. Div. 870; Entress v. Sours, 272 App. Div. 861; Matter of Ackerman v. Kern, 256 App. Div. 626, 630).
The petitioner contends that the owner and the lessee of the subject premises each failed to first apply for a building permit and that until such a permit was applied for and denied, the respondent board lacked authority to act. This contention may not be sustained for it is clear that under the express provisions of the applicable zoning ordinance, the board was not acting in its appellate capacity but in considering the instant application for a special permit, was exercising original jurisdiction conferred upon it by said ordinance. So, too, the claim that the special permit should not have been granted as the applicant had failed to make a showing of “practical difficulties or unnecessary hardship,” may not be sustained, for the board was not considering an application for a variance but was acting on an application for a special permit; and in the latter case, the requirements laid down in Matter of Otto v. Steinhilber *337 (282 N. Y. 71) need not be fulfilled. In the case of a special permit which, as here, is authorized by the zoning law, the board may grant the permit in order to enable the applicant to make a reasonable and profitable use of his property if it can be done in accordance with the provisions and standards contained in the zoning ordinance and if it can be done without violence to the general zoning plan and without substantial inconvenience to the immediate neighborhood. (Matter of Reed v. Board of Stds. & Appeals of City of N. Y., 255 N. Y. 126, 135; Matter of Rose v. Board of Appeals on Zoning of City of New Rochelle, N. Y. L. J., July 9,1953, p. 55, col. 1.)
The petitioner herein also objects to the subject special permit on the ground that due notice of an adjourned hearing (which was held on Jan. 21, 1958) was not given and on the further ground that the board did not file its decision in the office of the town clerk within 10 days after the adoption thereof. In this court’s view these objections must be overruled. Due notice of the original hearing on the application for said permit was properly given. The petitioner herein was present with his counsel and their objections were heard. At the close of said first hearing, the board expressed its desire and intent to make a personal inspection of the subject property and the premises adjoining the same; and at the close of said first hearing, it was publicly announced that the matter was adjourned to the next meeting of the board. In these circumstances, it is apparent that the rights of the petitioner herein were in nowise prejudiced. Further, the board’s failure to file its decision within the 10-day period mentioned in the zoning law did not constitute a jurisdictional defect. The delayed filing merely extended the time within which this petitioner might seek a review of the board’s determination. And in paragraph “13” of the petition herein, said petitioner affirmatively alleges that this proceeding is being instituted within 30 days from the date on which the board’s decision was filed in the town clerk's office.
The remaining contentions of the petitioner have been examined and considered and the same are found to be without merit.
Upon the entire record before it, this court is of the opinion that the subject special permit was authorized by the town’s zoning ordinance and that where, as here, it also appears that the determination is supported by a reasonable and sufficient basis, the same may not be held to be unwarranted, arbitrary or capricious. Nor will the courts disturb the exercise of discretion vested in the zoning board by the zoning ordinance *338 unless the action complained of be found arbitrary or capricious. (Matter of Levy v. Board of Stds. & Appeals of City of N. Y., 267 N. Y. 347.)
Accordingly, the application is denied and the petition is dismissed, but without costs. Submit order.