Hugh S. Coyle, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act, instituted by petitioner, an aggrieved party, who owns and resides in a private residence situated diagonally opposite the property in question, to review and annul the determination and decision made by respondents, granting a special permit and variance to Sigmund and Mildred Ordinsky to construct a gasoline service station on the subject premises owned by them in the City of New Rochelle. It is undisputed that the Ordinskys as applicants applied pursuant to section 8.3 of article VIII of the Zoning Ordinance of the City of New Rochelle to “ permit erection of a gasoline filling station nearer than 1,000 feet from an existing filling station ”, in a 0-1 zoned district. Respondents admit there is an existing station approximately 400 feet from the premises involved, however it is their contention that the board, as a matter of practice, considered an application for a special permit as one also for a variance.
Nowhere in the papers submitted hereon does it appear that any application was made to the building official of the City of New Rochelle for a building permit or that the application to the board was an appeal from any determination of the Building Inspector which denied them a building permit.
Section 8.3 of the zoning ordinance delegates to the board limited authority to grant a special permit, provided all of the conditions laid down in the ordinance are met. The power to grant relief under a special permit, which is also called a “special exception”, must be strictly construed. (Rathkopf, Law of Zoning and Planning [3d ed.], pp. 773-779, 780-784; Matter of Schroeder v. Kreuter, 206 Misc. 198, 200, affd. 284 App. Div. 972, affd. 308 N. Y. 993; Freitag v. Marsh, 106 N. Y. S. 2d 927, 931, affd. 280 App. Div. 934.)
In the latter case, Mr. Justice Coyhe held:
“ The distinction between a variance and a special exception use is succinctly stated in Stone v. Gray, 1938, 89 N. H. 483, 200 *683 A. 517, 521, 168 A. L. R. 20, ‘ In practice sharp distinctions between exceptions and variances may not in all cases be readily made, but the approach to the former as a legislative process and to the latter through appeals from administrative orders as a judicial function will generally serve to avoid an overreaching of a variance into the field of exceptions. A literal enforcement of the ordinance may be disregarded to permit a variance, while the conditions for an exception must be found in the ordinance and may not be varied. ’
‘ ‘ Under the enabling statutes the legislative body of a municipality is given the power to state specifically those cases, in which, after a public hearing and following out the spirit of the ordinance, exceptions can be made in particular cases. The legislative body can enumerate the situations under which this type of exception, suitable for the particular community, may be allowed. Usually, the practical difficulty and unnecessary hardship applications come within the appellate jurisdiction of the Board of Appeals; whereas, the cases enumerated in the ordinance as special exception uses are considered as matters of original jurisdiction.”
In granting the special exception, the board exceeded its jurisdiction and power, and the special permit here in question is therefore a nullity. (Kaufman v. City of Glen Cove, 180 Misc. 349; Matter of Long Is. R. R. Co. v. Hylan, 240 N. Y. 199, 208.) In addition, section 8.3 of article VIII of the zoning ordinance requires applicants to first apply to the building official for a building permit, and supplement said application with one to the board. No such application was made. The jurisdiction of the board to grant a variance is limited to an appeal from an order of the building official denying a building permit or certificate of occupancy (Streeter v. Cowle, 10 Misc 2d 183; Matter of Town Bd. of Town of Huntington v. Zoning Bd. of Appeals of Town of Huntington, 7 Misc 2d 210, 213-214; Von Elm v. Zoning Bd. of Vil. of Hempstead, 258 App. Div. 989; Dowsey v. Village of Kensington, 257 N. Y. 221, 227; Matter of Mamaroneck Commodore v. Bayly, 260 N. Y. 528, affg. 233 App. Div. 741).
Therefore, the relief requested in the petition is granted, and respondents’ determination and decision is annulled and set aside.