■ In the Matter of RHODA S. ASCH et al., Appellants, v. ROBERT W. GILLISPIE, JR., et al., Constituting the Zoning Board of Appeals, Town of Southold, Respondents, and STEPHEN HORNICK et al., Intervenors-Respondents.

The record contains no proof of "practical difficulties or unnecessary hardships" within the meaning of paragraph B of section 801 of article VIII of the local zoning ordinance (cf. *Matter of Otto* v. *Steinhilber,* 282 N. Y. 71; *Matter of Forrest* v. *Evershed,* 7 N Y 2d 256). Hence, we find no such difficulties or hardships here. A general restriction may not be destroyed "by piece-meal exemption of pieces of land equally subject to the hardship created in the restriction" (*Matter of Levy* v. *Board of Standards & Appeals,* 267 N. Y. 347, 353–354). The remedy in such case is by amendment of the zoning ordinance (*Matter of Ostrove* v. *Cohen,* 269 App. Div. 1054), which may not be done under the guise of a variance (*Matter of Miller* v. *Silver,* 278 App. Div. 962). Furthermore, it appears that, at the time of and for a considerable period prior to the purchase of the subject property by the intervenors-respondents, it was located in a district in which a two-family residence was not a permitted use. Under such circumstances a use variance may not be granted on the ground of hardship (*Matter of Clark* v. *Board of Zoning Appeals,* 301 N. Y. 86). Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.

■ In the Matter of BOWLEY & TRAVERS, INC., Appellant. HERMAN COHEN, Respondent. HAROLD BOWLEY et al., Appellants; IRVING P. DINERMAN, Respondent.—

No opinion. Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.