Thomas P. Farley, J.
This is an application brought pursuant to article 78 of the Civil Practice Act to review a determination of the respondent Zoning Board of Appeals of the Village of Bockville Centre (hereinafter referred to as the “ Board ”) granting the application of the respondent Schenone for permission to extend a nonconforming use. The Schenone property is located in Bockville Centre at No. 239 North Long Beach Boad and is an irregular parcel situate on the southeast corner of Long Beach Boad and Kennedy Avenue, having a frontage on Kennedy Avenue of 86.39 feet and on Long Beach Boad of 239 feet. It is identified on the Land and Tax Map of Nassau County as Section 36, Block 368, Lot 552. The total square footage of the parcel approximates 13,000 square feet.
This property, now located in a Besidence “A” zone on the Building Zone Map of the Village of Bockville Centre, was used prior to the adoption of the Building Zone Ordinance for nursery purposes and enjoys the status of a nonconforming use under that ordinance.
On November 1, 1961, after a public hearing held September 6,1961, the respondent Board made findings of fact and rendered a decision granting Schenone permission to: (a) construct additions to the existing structures; (b) remove the existing greenhouse and erect a new and larger greenhouse at a different location on said premises; (c) erect a garage, and (d) transfer the location of a sign. From the transcript of the minutes of the hearing, wherein the only witnesses were the applicant, Schenone, and a real estate expert who testified on behalf of objecting property owners, it can be gathered that this property is presently improved with a small, one-story building and attached greenhouse. The plans, which have been approved by the Board, permit the erection of approximately 2,600 square feet of new additions and structure.
The petitioners in this proceeding are neighboring residential property owners aggrieved by the determination who contend that the Board’s action was improper and illegal for the reason that Schenone’s “ proof ” at the hearing fell far short of a showing of “ unnecessary hardship ” as that term is applied to applications for variances to extend or enlarge an existing nonconforming use. The principal authority upon which they rely is Matter of Crossroads Recreation v. Broz (4 N Y 2d 39, 48) in which the Court of Appeals held that the standard set forth in Matter of Otto v. Steinhilber (282 N. Y. 71) must be satisfied *554 before such a variance may be granted. This would include a demonstration that the land in question cannot yield a reasonable return as presently constituted. A further contention is that Schenone, having purchased the land subsequent to the adoption of the zoning ordinance in 1941, is precluded from seeking a variance under the “ self-imposed hardship ” rule enunciated in Matter of Clark v. Board of Zoning Appeals (301 N. Y. 86, 89) which was held directly applicable to variances seeking extensions of nonconforming uses in O’Brien Transfer & Stor. Co. v. Incorporated Vill. of Great Neck (2 A D 2d 690).
The Board’s “ findings ” as set forth in the return, indicate that in addition to the hearing, the Board made a personal inspection of the premises. The first three findings are to the effect that Schenone has a valid and subsisting nonconforming use in a Residence “A” zone. The fourth and fifth findings are as follows:
“ D. The activities for which consent is sought herein, do not constitute a substantial extension or enlargement of the existing use, nor do they result in any essential change in the character of the area.
“ E. The granting of the requested relief will not result in depreciation of values in the area. ’ ’
The respondents do not deny that Schenone’s informal proof at the hearing was inadequate to warrant the granting of a variance by this court. But they maintain that the relief granted is in the nature of a special exception wherein the doctrine of self-imposed hardship is inapplicable and the only findings required are that the conditions stated in the ordinance have been met, citing Matter of Anthony v. Liberman (13 Misc 2d 335, affd. 7 A D 2d 914) which concisely sets forth the distinction between a variance and a special exception. (See, also, Matter of Syosset Holding Corp. v. Schlimm, 15 Misc 2d 10, mod. on other grounds 4 A D 2d 766.)
However, whether the nature of the relief granted was a variance or a special exception, the Board’s return is inadequate to fully apprise the court of the factual basis for its determination. It has been held that in a case of a special exception, no less than upon the granting of a variance, where members of a Board act upon personal knowledge or information derived as a result of a physical inspection, it is incumbent upon them to set forth a statement of such facts in the return (Matter of Community Synagogue v. Bates, 1 N Y 2d 445, 454; Matter of Crossroads Recreation v. Broz, 4 N Y 2d 39, 47, supra ; Matter of Galvin v. Murphy, 11 A D 2d 900). In Matter of Forrest v. Evershed (7 N Y 2d 256) conelusory findings similar to those of the respond *555 ent Board set forth above, were held entirely insufficient to permit of intelligent judicial review.
Accordingly, the matter is remitted to the Board for further factual evidence and appropriate findings based thereon which are susceptible of review.