[Civ. No. 33982.   Second Dist., Div. Five.   Mar. 6, 1969.]

MRS. JOHN P. MUMAW, Plaintiff and Appellant, v. CITY OF GLENDALE et al., Defendants and Respondents; FIRST CONGREGATIONAL CHURCH OF GLENDALE, Real Party in Interest and Respondent.

G. G. Baumen for Plaintiff and Appellant.

Joseph W. Rainville, City Attorney, and Averil D. Vallier, Deputy City Attorney, for Defendants and Respondents.

Eugene J. Potter, Hutchinson & Irwin and James A. Irwin for Real Party in Interest and Respondent.

AISO, J.—Plaintiff-petitioner Mrs. John P. Mumaw sought a writ of mandamus (Code Civ. Proc., § 1094.5) from the superior court praying the court to command the defendants, City Council of the City of Glendale and its councilmen, to set aside and vacate their affirmance, with modification, of the decision of the board of zoning adjustments, which had approved the administrator's grant of a conditional use permit in Zoning Case No. 4422-CU to the real party in interest, First Congregational Church of Glendale, permitting it to construct and use a church, a Sunday school, and a parking lot in a one-family zone. The petition further prayed the court to order the defendants, City of Glendale, its city council, and its zoning administrator, to deny the application. From a judgment denying the peremptory writ and discharging the alternative writ theretofore issued, plaintiff-petitioner Mrs. John P. Mumaw prosecutes this appeal.

We note at the outset that with reference to zoning matters, a church is to be treated the same as a secular litigant. In a case involving a zoning variance, it was held: "In other words, proposed use of property for religious purposes does not give it *per se* a title to any particular zone; a church, like any other property owner, is to be considered on its merits as fitting into the general scheme of a comprehensive zoning, entitled to no preference and subject to no adverse discrimination." (*Minney* v. *City of Azusa* (1958) 164 Cal. App.2d 12, 24 [300 P.2d 255].) The rule is equally applicable to a conditional use situation.

Mrs. Mumaw complains that the zoning administrator's failure to abide by the time limits, prescribed and characterized as "jurisdictional" by section 704 of the Zoning

Appendix to the Glendale Municipal Code, in making his determination rendered his action and the subsequent actions of the board of zoning adjustments, the city council, and the superior court nugatory, thus compelling a reversal of the judgment appealed from. The contention has merit.

The church's application for the conditional use permit was dated and apparently filed November 8, 1967. Sixty days from that date expired on Monday, January 8, 1968, since the 60th calendar day fell upon a Sunday, January 7, 1968. In the record, there is a letter from the applicant's then attorney addressed to the zoning administrator approving "the extension of time for an additional sixty days." It is dated January 25, 1968, and bears a stamp noting its receipt by the city's planning division on January 29, 1968. The letter makes no reference to any request for extension on the part of the zoning administrator nor of the date thereof, if one had been made. The zoning administrator made his determination on February 1, 1968. He notified the applicant's attorney of his determination by letter dated the same date and dispatched by registered mail. A copy of said letter was similarly mailed to John P. Mumaw, among others.

Section 704 provides: "The zoning administrator shall make his findings and determination in writing within sixty (60) days from the date of filing an application and shall forthwith transmit a copy thereof to the applicant. The administrator, however, shall have authority to extend said time limit an additional sixty (60) days, with the written approval of the applicant if the administrator finds such extension necessary to the proper disposition of the application *and he acts prior to the expiration of the first mentioned sixty (60) day period.* Upon the failure of the administrator to make a determination within the time herein specified *he shall lose jurisdiction,* the application shall be deemed denied, and the applicant may appeal to the board of zoning adjustments as hereinafter provided. (Ord. No. 3068, § 1.)" [Italics added.]

Section 705 of the same municipal code provides: "The determination of the zoning administrator shall be final on all matters relating to conditional use permits seven (7) days after actual notice of said determination, or seven (7) days after notice thereof has been mailed by registered mail by the administrator to the applicant, whichever first occurs, unless an appeal therefrom has been taken." [ ¶ ] "Any decision or determination made by the zoning administrator pursuant to

this article may be appealed by the persons to the bodies in the order prescribed in article X of the appendix. Said appeals shall be taken and administered in the manner prescribed in article X of the appendix. (Ord. No. 3166, § 1; Ord. No. 3220, § 1.) "

These municipal code provisions are binding upon the Glendale authorities as to zoning matters which must be determined first by the zoning administrator. (*Johnston* v. *Board of Supervisors* (1947) 31 Cal.2d 66, 74 [187 P.2d 686] ; *Tustin Heights Assn.* v. *Board of Supervisors* (1959) 170 Cal.App. 2d 619, 630 [339 P.2d 914].)

Are the time limits prescribed by section 704 jurisdictional? No authorities, from either this state or from other states, passing upon legislative enactments worded similarly to section 704 have been cited by counsel; our research has not turned up any. Reference to cases dealing with other types of administrative proceedings reveals no uniformly applicable iron-clad rule. The time limit within which an administrative agency must file its findings and conclusions was held to be directory only and not jurisdictional in *Cook* v. *Civil Service Com.* (1960) 178 Cal.App.2d 118, 129 [2 Cal.Rptr. 836]. But it has been held that the time within which an administrative agency is empowered to reconsider its decision is jurisdictional. (*Harris* v. *Alcoholic Beverage etc. Appeals Board* (1963) 223 Cal.App.2d 563, 567 [35 Cal.Rptr. 865].) Action taken by a board of supervisors, sitting as a board of equalization, beyond the time limit extended by statute was held "in excess of jurisdiction and void." (*Napa Savings Bank* v. *County of Napa* (1911) 17 Cal.App. 545, 548 [120 P. 449].)

In New York, a zoning board's failure to file its decision within the 10-day period prescribed by the zoning law was held not to be a jurisdictional defect. (*Anthony* v. *Liberman* (1958) 13 Misc.2d 335, 337 [175 N.Y.S.2d 743, 745-746], affirmed without opn. 7 App.Div.2d 914 [183 N.Y.S.2d 996].) It also has been held that under the code provisions of the City of White Plains, the administrative officer could extend the period of time for good cause even after the expiration of the six-month provision for disposition. (*Application of 19 Old Mamaroneck Road Corp.* (1952) 279 App.Div. 1079, 1080 [112 N.Y.S.2d 137, 138].) But in neither case does it appear that the court was construing a legislative provision which explicitly characterized the time limitation as "jurisdictional" or that proceedings for extension must be initiated within the original time period.

Here the municipal code provision states that for "failure of the administrator to make a determination within the time herein specified *he shall lose jurisdiction,* the application shall be deemed denied, and the applicant may appeal to the board of zoning adjustments." [Italics added.] Such a provision is valid. (See 56 Cal.Jur.2d, Zoning, § 171, p. 49, citing *Essick* v. *City of Los Angeles* (1950) 34 Cal.2d 614, 617 [213 P.2d 492], fn. 1.) To extend the time, it must be properly extended. (101 C.J.S., Zoning, § 235, p. 1000.) Section 704 empowers the administrator to extend the original 60-day period for another 60-day period, with the written approval of the applicant, if "he acts prior to the expiration of the first mentioned sixty (60) day period." Such a requirement is one familiarly applied in judicial proceedings. (See, e.g., rule 45 (b), Cal. Rules of Court; *Peebler* v. *Olds* (1945) 26 Cal.2d 656, 659 [160 P.2d 545]; *Freese* v. *Freese* (1901) 134 Cal. 48, 49 [66 P. 43]; *Clark* v. *Crane* (1881) 57 Cal. 629, 632-633; *Coast Electric Service, Inc.* v. *Jensen* (1931) 111 Cal.App. 124, 126 [295 P. 346].) Where the municipal code provision speaks of time limitations for taking action as "jurisdictional" and then prescribes the procedure to be followed "the mode must be followed. The mode in such cases constitutes the measure of the power." (*Zottman* v. *City & County of San Francisco* (1862) 20 Cal. 96, 102; accord *Abelleira* v. *District Court of Appeal* (1941) 17 Cal.2d 280, 288-289 [109 P.2d 942, 132 A.L.R. 715].) We hold compliance with the provisions of section 704 to be jurisdictional, and once the administrator has lost jurisdiction it may not be reinstated by means of a waiver of the requirements prescribed (*Marin Municipal Water Dist.* v. *North Coast Water Co.* (1918) 178 Cal. 324, 328 [173 P. 473]).

We further hold that the action of the zoning administrator in extending time must be taken in writing to be preserved as a part of the public records. The written approval of extension by the applicant must also be filed within the original 60-day period. As shown by this case, far-reaching property rights turn upon the determination of this jurisdictional fact. A written record is necessary in the interests of justice (cf. *Campbell* v. *Jones* (1871) 41 Cal. 515, 518), for administrative review (cf. *Kwock Jan Fat* v. *White* (1920) 253 U.S. 454, 464 [64 L.Ed. 1010, 1014-1015, 40 S.Ct. 566, 570]), and for judicial review. "If judicial review is to be an efficient bulwark against arbitrary conduct, such records must be accurate, and reasonably complete." (3 Anderson, Am. Law of

Zoning (1968) § 16.27, pp. 217-218.) Not only the applicant, but "any person affected" should have access to a written record from which they may ascertain the current status of the application, so that proper procedures to protect their respective interests, if need be, may be taken.

Here, there is no evidence that the zoning administrator took any action to effect an extension of time within the original 60-day period. The letter approving the extension was not received by the administrator's office until January 29, 1968, which was 21 days beyond the expiration of the original 60-day period. It makes no reference to any action of the administrator for extension of time within the original 60-day period. The presumption that official duty has been regularly performed (Evid. Code, § 664) is sufficiently dispelled under such circumstances. (Cf. *Broadway, Laguna etc. Assn.* v. *Board of Permit Appeals* (1967) 66 Cal.2d 767, 773 [59 Cal. Rptr. 146, 427 P.2d 810].)

Under the substantial evidence rule applicable to both the superior court and this court in reviewing the administrative or quasi-judicial action of a local body (*Siller* v. *Board of Supervisors* (1962) 58 Cal.2d 479, 481 [25 Cal.Rptr. 73, 375 P.2d 41] ; *Livingston Rock etc. Co.* v. *County of Los Angeles* (1954) 43 Cal.2d 121, 128 [272 P.2d 4] ; *Fascination, Inc.* v. *Hoover* (1952) 39 Cal.2d 260, 264-265 [246 P.2d 656] ; *Cow Hollow Improv. Club* v. *Board of Permit Appeals* (1966) 245 Cal.App.2d 160, 170 [53 Cal.Rptr. 610] ; *Munns* v. *Stenman* (1957) 152 Cal.App.2d 543, 555 [314 P.2d 67]) we find no findings supportive of the superior court's conclusions of law : "I. The Zoning Administrator, the Board of Zoning Adjustments and The Council did not proceed without or in excess of their jurisdiction" and "N. The presumption that the official duty of the Zoning Administrator has been regularly performed and that he acted within the time limits of Section 704 of the Appendix to the Glendale Municipal Code, 1964, in asking for a sixty-day extension of time has not been overcome." Hence, there was an abuse of discretion. (Code Civ. Proc., § 1094.5, subds. (b) and (c).)

It further appears that this jurisdictional question was not raised until the proceedings in the superior court.[1] The failure to raise the jurisdictional issue below is not fatal,

---

[1]The allegations of par. X of the petition and respondents' answer thereto do not reach the time limitation provision of section 704. From the reporter's transcript, we are informed that this jurisdictional issue was first noted by the law clerk of the court below. (Rep.Tr., p. 16.)

since we are not dealing with personal jurisdiction over the parties. (*Stuck* v. *Board of Medical Examiners* (1949) 94 Cal. App.2d 751, 755 [211 P.2d 389]; Cal. Administrative Mandamus (Cont.Ed.Bar) § 5.2, p. 36.) Courts in other states in reviewing zoning matters have held that appellate courts may raise a jurisdictional issue on their own motion. (*Garreau* v. *Board of Review* (1949) 75 R.I. 44, 49 [63 A.2d 214, 217]; *Scott* v. *Minnix* (1957) 95 Ga.App. 589, 590 [98 S.E.2d 196, 197].) Here the question was raised in both the superior court and this court. The issue has been extensively briefed and argued by the respective counsel.

If the zoning administrator once loses jurisdiction, his act thereafter of granting the conditional use permit would be a void act and hence a nullity. (*Aylward* v. *State Board etc. Examiners* (1948) 31 Cal.2d 833, 839 [192 P.2d 929].) [2] What effect does the void action of the zoning administrator in granting the conditional use permit have upon the proceedings held before the board of zoning adjustments, the city council, and the superior court? These bodies were all acting in the exercise of an appellate and not of an original jurisdiction. (See 3 Anderson, Am. Law of Zoning (1968) *supra*, § 1603, pp. 175-176.) Even though a reviewing tribunal may be empowered to exercise an original jurisdiction in connection with certain areas of zoning, only its appellate jurisdiction may be exercised when it sits in review of the zoning administrator's determination. (*Garreau* v. *Board of Review* (1949) *supra*, 75 R.I. 44, 49-50 [63 A.2d 214, 217]; *Scott* v. *Minnix* (1957) *supra*, 95 Ga.App. 589, 591 [98 S.E.2d 196, 198]; *Plotinsky* v. *Gardner* (1960) 27 Misc.2d 681, 683 [206 N.Y.S.2d 611, 613].) The fact that the proceedings in the reviewing tribunal may take on a manner of a trial *de novo* does not detract from the appellate character of the proceeding. The situation is analogous to appeals to the superior court from a small claims court or a justice court. (*DeJarnatt* v. *Marquez* (1900) 127 Cal. 558, 559-560 [60 P. 45, 78 Am.St. Rep. 90].) The original determination being void for lack of jurisdiction, the reviewing body may not consider the merits, but take only that action appropriate to annul and set aside the administrative action or remand the proceedings for further appropriate proceedings to the administrative body exercising original jurisdiction. (See *Garreau, Scott,* and *Plotinsky* cases cited above; cf. *DeJarnatt* v. *Marquez* (1900) *supra*;

---

[2] The applicant is protected by his right to appeal to the board of zoning adjustments. (§ 704.)

*Unemployment Reserves Com.* v. *St. Francis Homes Assn.*
(1943) 58 Cal.App.2d 271, 282 [137 P.2d 64].) [3] Since this
jurisdictional question was not raised until the review stage
in the superior court, the municipal agencies did not have
occasion to pass upon the issue. At the hearing in the superior
court, evidence outside the record could not be adduced (Code
Civ. Proc., § 1094.5, subd. (d)), because the substantial evi-
dence rule of review applied as we have noted earlier. It is,
therefore, appropriate to refer the cause back to the municipal
agencies for their determination of the issue (Cal. Adminis-
trative Mandamus (Cont.Ed.Bar) *supra,* § 5.4, p. 37) al-
though all indications from the record in its present state
point to but a slim hope of adequate proof that the zoning
administrator acted within a validly extended time period.

In view of the conclusion we have reached as to the neces-
sity for complying with section 704 and that a failure to do so
constitutes a jurisdictional infirmity, we deem it unnecessary
to discuss the other assignments of error at this time.

Judgment reversed with directions to remand the cause to
the City Council of the City of Glendale for appropriate pro-
ceedings in conformity with the views hereinabove set forth.

Kaus, P. J., and Stephens, J., concurred.

---

[3] We have no provision, such as Code of Civil Procedure, section 396, to
consider here.