[Civ. No. 15540.   Second Dist., Div. One.   May 23, 1947.]

MARY T. AHLSTEDT, Respondent, v. BOARD OF EDUCATION OF THE CITY OF LOS ANGELES et al., Appellants.

Harold W. Kennedy, County Counsel, and Wm. E. Lamoreaux, Deputy County Counsel, for Appellants.

Clyde C. Shoemaker for Respondent.

WHITE, J.—Mary T. Ahlstedt, petitioner and respondent herein, brought an action in the Superior Court of Los Angeles County seeking a peremptory writ of mandate directing the appellant Board of Education of the city of Los Angeles to reinstate her in her position as junior secretary in the permanent classified civil service of the Los Angeles City High School District. Judgment was rendered that a peremptory writ issue requiring the board to reinstate petitioner "and to immediately restore said petitioner to duty in said position, and to all of the rights, benefits and advantages connected therewith, and to immediately pay to said petitioner all of the salary applicable to said position which has accumulated and accrued from the time that the petitioner was suspended . . . on October 28, 1943." From such judgment the present appeal is prosecuted.

Petitioner alleged that on October 28, 1943, she was a "non-certificated" (nonteaching) employee of the City High School District, holding the position of junior secretary at Phineas Banning High School; that petitioner was a permanent employee in the permanent classified service of said district within the meaning of section 14119 of the Education Code, and had been an employee of the district for a continuous period of 22 years. It was further alleged that on October 28, 1943, appellant board suspended petitioner for 30 days pending investigation of charges; that on November 18, 1943, the board dismissed petitioner, on the ground that she had been charged with "inability to get along with associates and patrons of school; insubordination—abandoned position; failure to discharge duties assigned to her—inattention to or dereliction of duty; poor judgment in dealing with associates and unreasonable attitude toward them; unaccommodating, ungracious, unpleasant and unfriendly."

It was charged by petitioner that her suspension and dismissal were in violation of the provisions of the merit system adopted by the appellant district as prescribed by article 5, chapter 13, division 7, of the Education Code (§§ 14101-14142). Sections 14105, 14106 and 14107 provide for the appointment of a personnel commission of three members; section 14113 provides that such commission shall prescribe, subject to the provisions of the article, such rules as may be necessary to secure efficiency and the selection and retention of employees on a merit basis; section 14114 provides that such rules shall provide for the procedures to be followed by the

governing board in appointments, promotions, demotions, dismissals, and other matters; sections 14116 and 14117 provide for the appointment of a personnel director, who shall be responsible to the commission for carrying out all procedures in the administration of classified personnel.

Section 14130 provides in part as follows: "No person in the permanent classified service shall be demoted or removed except for reasonable cause designated by rule of the commission as detrimental to the efficiency of the service. . . ."

Section 14131 provides: "For reasonable causes an employee may be suspended without pay for not more than 30 days or may be demoted or dismissed. In such case the personnel director shall within three days of the suspension, demotion or dismissal file written charges with the commission and give a copy of the charges to the employee."

Section 14132 provides: "An employee who has been suspended, demoted or dismissed may appeal to the commission within 14 days after receipt of a copy of the written charges by filing a written answer to the charges."

Section 14133 provides: "The commission shall investigate the matter on appeal and may require further evidence from either party, and may, and upon request of an accused employee shall, order a hearing. The accused employee shall have the right to appear in person or with counsel and to be heard in his own defense. The decision shall not be subject to review by the governing board."

Rule 22.735, adopted by the personnel commission, after listing grounds for which an employee might be suspended, demoted or dismissed, provided: "The Personnel *Division* shall, within three days of suspension, demotion or dismissal, file written charges with the Commission and the employee shall be furnished with a copy of such charges." The rule further provided that an appeal might be taken within 14 days after receipt of a copy of the charges by filing a written answer to such charges, and that such appeal could be taken only on the following grounds:

"(1) That the procedures set forth in these rules have not been followed;

"(2) That the removal was made because of affiliations, political or religious acts or opinions, race, color, or marital status;

"(3) That there has been abuse of discretion;

"(4) That the action taken was not in accord with the facts."

The rule further provided:

"(h) The Commission shall begin the hearing within a reasonable length of time from the day the appeal is received and the investigation and hearing shall be confined to the reasons for action as charged by the Personnel Division and relevant defenses set forth in the appeal. The burden of proof is upon the person suspended, demoted or dismissed. . . .

"(j) The findings of the Commission shall be rendered in written form within ten (10) days after the hearing is completed. Copies shall be sent to the Personnel Division and the employee concerned."

It should here be noted that the "Personnel Division" mentioned in the foregoing rule is not the "Personnel Commission" set up under the merit system provisions of the Education Code, but is simply an administrative unit of appellant board of education.

The truth or falsity of the charges or purported charges against petitioner employee are not in issue in this proceeding, the questions presented being whether the proceedings leading to her suspension and dismissal and the review thereof by the personnel commission were had in accordance with the pertinent provisions of the Education Code and personnel commission rule hereinbefore quoted, and whether petitioner was entitled to reinstatement and back pay or whether the trial court was limited to remanding the matter to the personnel commission.

The trial court, in its findings of fact and conclusions of law, found in part as follows:

"That at the time of said suspension, no written charges against the petitioner had been filed with the Personnel Commission by the Personnel Director or by the Personnel Division. That the Personnel Director did not within three days of said suspension, or at all in connection with said suspension, file any written charges against petitioner with said Personnel Commission, and did not give a copy of any such charges to the petitioner. That the Personnel Division of said respondent, Board of Education of the City of Los Angeles, did not within three days of said suspension, or at all in connection with said suspension, file any written charges against petitioner with said Personnel Commission, and that the petitioner was not furnished with a copy of any such charges."

The court found, however, as to the dismissal, that written charges had been filed and served upon petitioner.

The court further found that after receiving notice of her dismissal petitioner requested a hearing, which was set for December 8, 1943; that on November 30, 1943, "the petitioner withdrew her request for a hearing, and notified the Personnel Commission that she relied upon the investigation of the matter on appeal by said Commission."

The court further found "That said Personnel Commission never investigated, acted upon, or rendered a decision, or made any findings in reference to, or upon the subject of said dismissal by the respondents of the petitioner from her said position. . . ."

The facts, as to which there is no serious dispute, are substantially as follows:

On October 20, 1943, there was served upon petitioner a "notice of unsatisfactory service," signed by the principal of her high school, and containing substantially the charges subsequently relied upon as grounds for her dismissal and suspension. On October 28, 1943, at a meeting of the school board, petitioner was suspended for thirty days, of which action petitioner was notified by a letter stating that "This action has been taken pending investigation of charges of: inability to get along with associates; insubordination—abandoned position; failure to discharge duties assigned to you—inattention to or dereliction of duty; poor judgment in dealing with associates and unreasonable attitude toward them; and unaccommodating, ungracious, unpleasant, and unfriendly." Attached to this letter was a copy of Form 31.34 of the Los Angeles City School District, Personnel Division, entitled "Assignment Order" containing substantially the same information as was contained in the letter.

On November 18, 1943, petitioner was dismissed upon the same grounds as heretofore set forth, and notice of such dismissal was sent to petitioner in the form of a letter, accompanied by an "assignment order." Petitioner appealed to the personnel commission from both the suspension and the dismissal. In response to the notice of dismissal petitioner wrote to the personnel director on November 24, 1947, in part as follows:

". . . My answer to the dismissal notice, which came to me before the Personnel Commission had acted upon the suspension charges, is the same as my answer to the suspension charges. . . . In addition, I am asking for a hearing, please,

and I am basing this appeal on the following grounds." Petitioner then set forth her contentions as to the merits of the charges.

The hearing on petitioner's dismissal was set for December 8, and petitioner was so notified. On November 29, petitioner wrote the personnel director, stating: "After my telephone conversation with you this morning, I have decided to withdraw my request for a hearing. However, please give the Personnel Commission all of the written materials, particularly my notarized statements."

On December 8, as shown by the minutes of the personnel commission, the conclusion was reached by the commission that petitioner's suspension "was justified." The minutes further contain the statement that "in the meantime, under date of November 29, Mrs. Ahlstedt has withdrawn her request for a hearing on the dismissal which followed her suspension."

On December 20, 1943, Mrs. Ahlstedt wrote the personnel director a letter which will be hereinafter quoted, and in reply thereto the personnel director wrote Mrs. Ahlstedt that her letter had been presented to the personnel commission and that the commission had come to the conclusion "that the matter is now entirely beyond the jurisdiction of the Commission."

Appellants contend, first, that the undisputed evidence shows that the procedures prescribed by law and the rule of the personnel commission were fully complied with, and that therefore the findings of the trial court above quoted, to the effect that no charges were filed in connection with the suspension and that the personnel commission never investigated, acted upon, or rendered a decision upon the subject of the dismissal, are not supported by the evidence.

On December 8, 1943, the personnel director presented to the personnel commission, at a meeting of said commission, a report reading in part as follows:

"To:    The Personnel Commission

"From:  John Steven, Director

"Subject: Appeal for Investigation in .Connection with the Suspension of Mary T. Ahlstedt.

"December 8, 1943

"Summary of Recent Employee History

"On October 29, 1943 the usual letter signed by L. B. Travers and John Steven was sent to Mrs. Ahlstedt inform-

ing her that she had been suspended from her position as Junior Secretary at Banning High School, effective from October 28, 1943 to November 26, 1943 inclusive. Abandonment of position was one of the causes alleged for the suspension. There were several others.

"Mrs. Ahlstedt has been employed by the Los Angeles City Schools since October 22, 1921. She has worked in a number of different schools and has several times asked for transfers. Her employment at Banning began on September 14, 1942.

"Mrs. Ahlstedt appealed to the commission on November 1 and on November 5 in answer to my inquiry she made it plain that she was asking for an investigation—not a hearing. The last sentence of her letter reads as follows:

" 'My request is this—that the Personnel Commission please investigate the records on file in Deputy Superintendent Gould's office.'

"I investigated the files in Mr. Gould's office on November 11 and report as follows:

"I attach exhibits from the files of Mr. Gould in chronological order.

"EXHIBIT I is a copy of a letter dated September 23 from Mr. Travers to Mrs. Ahlstedt in answer to her communication of September 10. Mrs. Ahlstedt had apparently asked the Personnel Division to intervene in a dispute between herself and her principal. Mr. Travers pointed out that her complaints should be settled by the principal with possible appeal to Mr. Gould's office. His letter warned her that she had placed herself in the position of having abandoned her position, and had thereby jeopardized her status as a Board employee.

.    .    .    .    .    .    .    .    .    .    .    .    .

"This investigation shows that Mrs. Ahlstedt left her position at Banning High School on September 7; that she attempted to protect her status by putting her controversy with her principal into the hands of the Personnel Division for decision; that the Personnel Division, after a delay of about two weeks, informed Mrs. Ahlstedt that the Division was not the place to settle such problems and that she had placed her status in jeopardy by abandoning her position; that the position of the Personnel Director was made clear to the principal and the superior officer, Mr. Gould; and that as a result charges looking toward dismissal were being prepared by the Girls Vice-Principal at Banning.

"In addition to investigating the files in Mr. Gould's office I also talked to Mr. Gould. He stated that he did not intend to overrule the principal in any action he might take in this matter. . . ."

The minutes of the meetings of the personnel commission show the following:

November 24, 1943: "The Commission set December 8, 1943 at 4 p. m. as the date for hearing Mrs. Ahlstedt's appeal from her dismissal as Junior Secretary at Phineas High School."

December 8, 1943: "The Director presented a report on the investigation of the suspension of Mary T. Ahlstedt, Junior Secretary at Phineas Banning High School. The various documents presented by Mrs. Ahlstedt were considered by the Commission and the decision was reached that her *suspension* was justified. In the meantime, under date of November 29, Mrs. Ahlstedt has withdrawn her request for a hearing on the dismissal which followed her suspension."

On December 10, 1943, the personnel director wrote Mrs. Ahlstedt advising her of the action of the commission taken on December 8, and stating: "Since you had withdrawn your request for a hearing on your dismissal, the Commission made no findings on the dismissal itself."

From the foregoing it appears that the commission never acted upon the appeal from the dismissal, but merely upon the suspension. Appellants, however, rely upon a letter dated December 20, from Mrs. Ahlstedt to the chairman of the personnel commission, followed by a decision of the commission on December 22, as shown by its minutes as follows:

"Mr. Toll presented and discussed a letter dated December 20, which he had received from Mary T. Ahlstedt, who was recently dismissed from the position of Junior Secretary. He also recounted his several conversations with Mrs. Ahlstedt. After discussion of the legal and other phases of Mrs. Ahlstedt's request Dr. Pfiffner moved that the Director be authorized to reply to Mary T. Ahlstedt's letter of December 20 to our Chairman to the effect that the Commission has given further consideration to the case, especially the points brought up in the letter, and has come to the conclusion that the matter *is now entirely beyond the jurisdiction* of the Commission. The motion was carried unanimously."

In the letter referred to Mrs. Ahlstedt said:

"Mr. John Steven informed me this afternoon that the decision of the Personnel Commission regarding my suspension was based solely on abandonment of position, and that none of the other charges were investigated although they are remaining on the Board's records as having been substantiated.

"I appealed the charges on the grounds that there had been abuse of discretion and that the action taken was not in accord with the facts, and also that I had not been given the protection the Board provides regarding absence from work.

"In withdrawing my request for a hearing, I was unaware that I had forfeited the right as an employee to have each charge investigated by the commission, and that I had forfeited the right to submit additional proof to substantiate my claim that the charges made against me were false, and to submit additional defense in the form of a thumbnail sketch of my entire career with the Board of Education.

"I feel that even though I withdrew my request for a hearing, all charges should have been investigated and either proved or disproved; otherwise I think they should be cancelled as charges remaining on the Board's records against me. What objection could there be to this?

"I urge the commission to reopen my case on the grounds that the investigation was incomplete. Can't there be a joint hearing with the Board?"

It is urged by appellants that the charges were the same for the dismissal as for the suspension; that the only matter properly before the commission was the dismissal, because the suspension was not for disciplinary purposes but pending investigation of charges, and that no appeal is provided for an appeal from such a suspension.

We see no escape, however, from the fact that the commission, according to its own minutes, found merely that the "suspension" was justified, made no finding as to the dismissal and subsequently held that it no longer had jurisdiction. The suspension was ordered "pending investigation of charges." A finding that such a suspension is justified falls far short of a finding that the charges themselves have been substantiated. The only investigation was that of the personnel director, and his report was directed to the "Appeal for Investigation in Connection With the *Suspension* of Mary

T. Ahlstedt.'' By waiving a hearing, the employee did not waive the right to have a full and complete investigation of the charges behind the dismissal from which she had appealed. Nor must it necessarily be said that by her letter of December 20, Mrs. Ahlstedt had accepted the ruling of the commission as a final decision on her dismissal. The court's finding that the commission did not act upon or investigate the dismissal, being supported by substantial evidence, cannot be disturbed.

■ Respondent, as a classified civil service employee, was entitled to have the statutory procedure for dismissal strictly followed. (*Wiles* v. *State Personnel Board*, 19 Cal. 2d 344, 351 [121 P.2d 673] ; *Brown* v. *State Personnel Board*, 43 Cal.App.2d 70, 75 [110 P.2d 497] ; *Nilsson* v. *State Personnel Board*, 25 Cal.App.2d 699, 705 [78 P.2d 467].)

■ Appellants' contention that respondent failed to exhaust her administrative remedies and was therefore not entitled to equitable relief cannot be sustained. The rule is well settled that ''where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act.'' (*Abelleira* v. *District Court of Appeal*, 17 Cal.2d 280, 292 [109 P.2d 942, 132 A.L.R. 715] ; *Alexander* v. *State Personnel Board*, 22 Cal.2d 198, 199 [137 P.2d 433].) Although appellants cite numerous cases illustrative of the rule, they fail to establish the pertinency or applicability of the holdings therein to the case now before us. In the present case the commission, after failing to find upon or investigate the sufficiency of the charges to support the dismissal, held that it had no further jurisdiction and respondent was so advised by letter. Thereafter respondent petitioned the board of education to reopen her case. It is not pointed out what further administrative remedies were available to respondent. Her waiver of a *hearing* did not relieve the commission of the duty to ''investigate the matter on appeal.'' (Ed. Code, § 14133.)

It is next urged that the trial court was limited to remanding the matter to the personnel commission, and had no power ''to impose its discretion'' upon that administrative body. In *La Prade* v. *Department of Water & Power*, 27 Cal.2d 47 [162 P.2d 13], it was said: ''If a hearing has been denied or the evidence is insufficient to sustain the action of the board, *and it is still possible for the board to hold a hearing or exercise its discretion,* then the matter should be remanded to the

board for further consideration rather than having a trial de novo in the superior court and requiring that court to exercise independent judgment on the facts which should be determined by the board." (Emphasis added.) In the instant case, however, we are not concerned with the exercise of discretion by the commission or whether in the exercise of the discretion vested in it, the commission acted arbitrarily or capriciously. Appellants concede in the case at bar that "the causes for the dismissal were not before the trial court, the sole question before the court being as to whether or not the procedures required by law had been followed." Appellants' arguments urging a remanding of the case to the commission would be pertinent were the .question presented one of whether a hearing had been denied or that the evidence was insufficient to sustain the action of the board, and that therefore it was still possible for the commission to hold a hearing or exercise its discretion. Were such the case, then it might be proper that the matter be remanded to the commission for further consideration. ▪▪▪ The sole question presented to us is whether the required procedures, which are essential parts of the entire scheme for the discharge of civil service employees, were followed. If, as we have held, the trial court's findings that such procedures were not followed are supported by substantial evidence, then the dismissal was abortive, ineffective, and for all purposes unauthorized, leaving nothing upon which the commission could base a hearing or further exercise of its discretion. And, as the trial court found on competent and substantial evidence, the required procedures not being followed, the dismissal was ineffectual and respondent was entitled to reinstatement.

▪▪▪ Appellants' final contention, that respondent's reinstatement should have been limited to a time about three months prior to the commencement of her action because she had not theretofore been able to resume her duties by reason of illness, is answered by the findings of the court, supported by testimony of respondent, that "as a result of the aforesaid acts and proceedings on the part of the respondents, said petitioner was beset with worry and anxiety, and was harassed, grieved, and tormented by her dismissal from the permanent classified service, and as a result of said acts and proceedings the petitioner became highly nervous and ill, and was unable to sleep, or to manage her affairs, or to engage in any other work or activity"; and further, that "as a re-

sult of the said acts and proceedings, petitioner suffered a nervous collapse, and became, and was, seriously ill and unable to look after or manage her affairs, and that as a consequence thereof the petitioner was unable to give attention to the protection of or enforcement of her rights or privileges under the law in respect to the aforesaid wrongful acts and proceedings on the part of the respondents.'' The court further found that Mrs. Ahlstedt ''during all of the times herein mentioned has been qualified to occupy and hold said position in the permanent classified service, and has been ready, anxious and willing to carry on and perform all of the duties pertaining thereto, but that the petitioner has been unable to do so, and has been prevented from doing so, by the acts and proceedings aforesaid.'' ▇ The law is well settled that a civil service employee who has been unlawfully deprived of his position is entitled to recover the amount of his accrued salary during the period he is prevented from performing his duties, less the amount he has received from private or public employment during that period. (*Stockton* v. *Department of Employment,* 25 Cal.2d 264, 273 [153 P.2d 741]; *Wiles* v. *State Personnel Board,* 19 Cal.2d 344 [121 P.2d 673].) Furthermore, no showing of prejudice to appellants appears by reason of respondent's illness. Her inability to perform the duties of her position was not occasioned by her illness. She was excluded from her position by the acts and conduct of respondents and not by reason of her physical or mental condition. It affirmatively appears from the record that during the period she was prevented by appellants from performing the duties of her position she was not engaged in any other work or activity, and consequently there is nothing to be deducted from the total accrued amount of salary she would have received had she not been unlawfully prevented by appellants from discharging the duties of her position.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.