[No. A050937. First Dist., Div. Four. Jan. 28, 1992.]

CALIFORNIA SCHOOL EMPLOYEES ASSOCIATION et al., Plaintiffs and Appellants, v.
DEL NORTE COUNTY UNIFIED SCHOOL DISTRICT BOARD OF TRUSTEES et al., Defendants and Appellants;
SERVICEMASTER COMPANY LIMITED PARTNERSHIP et al, Real Parties in Interest and Appellants.

[And four other cases.]*

---

*California School Employees Association (CSEA) v. Board of Education of the Biggs Unified School District (Butte County Super. Ct. No. 101207); CSEA v. Board of Education of the Santa Clara Unified School District (Santa Clara County Super. Ct. No. 680848); CSEA v. Board of Trustees of the Palo Verde Unified School District (Riverside County Super. Ct. No. I60109); ServiceMaster Company Limited Partnership v. California School Employees Association (Orange County Super. Ct. No. 591597).

1398

COUNSEL

Margie Valdez and William C. Heath for Plaintiffs and Appellants.

Seyfarth, Shaw, Fairweather & Geraldson and Lawrence C. DiNardo for Defendants and Appellants.

Seyfarth, Shaw, Fairweather & Geraldson and Jean Manning for Real Parties in Interest and Appellants.

OPINION

PERLEY, J.—Appellants and cross-respondents Del Norte County Unified School District Board of Trustees, Classified Personnel Commission of the Del Norte County Unified School District (sometimes jointly referred to as district), and ServiceMaster Management Services Corporation (ServiceMaster) appeal from a judgment which grants respondent and cross-appellant

California School Employees Association (CSEA) a peremptory writ of mandate setting aside the contract between district and ServiceMaster insofar as it provides that ServiceMaster is to perform regular supervision of district's custodial and maintence employees.

In the cross-appeal, CSEA is appealing from the trial court's: (1) refusal to include certain additional language in the judgment; (2) inclusion of language that the contract is valid in some respects; and (3) denial of attorney's fees.

District and ServiceMaster contend: (1) their contract is lawful under Education Code sections 35160, 45256 and Government Code section 53060; and (2) they should have been allowed to present oral testimony at the hearing. CSEA contends: (1) Additional examples of supervisory duties should be included in the judgment; (2) language that the contract is valid in some respects should be deleted from the judgment; and (3) attorney fees should have been awarded to CSEA as a "private attorney general." We affirm the judgment in its entirety.

## I.  *Statement of Facts and Proceedings*

The instant action involving Del Norte County is part of a coordinated proceeding between CSEA, ServiceMaster and several school districts.

In 1986, ServiceMaster entered into a contract with district to provide regular supervision of employees along with consultation, research and development work and services regarding maintenance and custodial operations at schools in the district. The contract was for three years and would be automatically renewed every three years for a period of three years. However, either party could terminate the contract at the end of three years.

In 1989, ServiceMaster and the district entered into a new contract for the same services. The contract was for two years "and thereafter may be automatically renewed for a period of one (1) year each year for a period of one (1) year." However, either party could terminate the contract "at each anniversary date." The record indicates that the contract was continually renewed and remains in effect.

In carrying out the contracts, ServiceMaster performed some regular supervision of employees which could have been provided by persons obtained through the ordinary district hiring channels and was, in fact, performed by the individual who held the position of district supervisor of classified personnel operations and maintenance before 1986. ServiceMaster

may also be performing some nonsupervisory, consulting, research or development services.

On May 9, 1988, CSEA filed a first amended petition for writ of mandate naming district as respondent and ServiceMaster as real party in interest. The petition sought a peremptory writ: (1) commanding the board of trustees to "vacate its decision to provide for supervisory custodial and maintenance services by persons or positions not a part of the classified service"; and (2) commanding the commission to "classify, provide promotional exams and publish an eligibility list for" such position.[1]

On January 12, 1990, CSEA filed a motion for an order granting a peremptory writ which would, in part, order the board of trustees "[t]o immediately vacate its decision to subcontract supervisory custodial and maintenance services, including, but not limited to, giving orders to school employees, setting work schedules, authorizing overtime, approving time sheets, performing employee evaluations, adjusting grievances, and effectively recommending hiring, transfers, suspension, layoffs, recalls, promotions, assignments, rewards, or discipline of school employees."

In a memorandum of tentative decision, the trial court ruled that "one portion of the Servicemaster Contract, the portion providing for supervisory services, is in violation of the Education Code." The trial court then posed the question whether it was compelled to declare the entire contract void. It reasoned as follows: "The contract between Servicemaster and the Board contains a severability clause. The parties clearly intended it to be severable. Under the *Keene* [v. *Harling* (1964) 61 Cal.2d 318, 324 (38 Cal.Rptr. 513, 392 P.2d 273)] rule, this court can distinguish between the lawful and the unlawful portions of the Servicemaster contract, and is not obligated to declare the entire contract void. The court is not satisfied that this issue of severability was satisfactorily briefed. In the event that Servicemaster and the Board of Education indicate that they wish to continue with the non-supervisory provisions of their agreement, the court would anticipate further briefing and perhaps a further hearing on that point."

At the end of the opinion the trial court granted a writ directing the board of trustees "to vacate its decision to subcontract supervisorial custodial and maintenance services, including the requests set forth in the Notice of Motion . . . ."

---

[1]The petition also requested backpay for the person eventually selected and challenged the contract on the ground of noncompliance with the public bidding requirements. These issues were abandoned.

No party submitted further briefing on the severability issue. Each party submitted proposed judgments. After much argument the trial court signed a judgment which included paragraphs commanding the Board of Trustees: "To modify its contract with ServiceMaster to eliminate those aspects of the contract that provide for ServiceMaster to perform regular supervision of employees, including, but not limited to, giving orders to such employees, setting work schedules, authorizing overtime, approving timesheets, performing employee evaluations; . . . [¶] The [Board] may consult with and obtain advice from ServiceMaster regarding the subject matter of its agreement with ServiceMaster and may continue to contract with ServiceMaster for all services not specifically prohibited . . . above."

CSEA filed a motion for attorney's fees on the ground of enforcing a public right (Code Civ. Proc., § 1021.5). The motion was denied.

## II.

■ District and ServiceMaster contend that their contract is lawful under Education Code sections 45256, 35160, and Government Code section 53060. This contention lacks merit.

The status of noncertificated (i.e., nonteacher) personnel of a school district is governed by several statutes. ■ In analyzing these statutes to determine their effect on the supervisory positions involved herein, we will give "meaning to every provision of the statutory scheme" (*Sinai Memorial Chapel* v. *Dudler* (1991) 231 Cal.App.3d 190, 198 [282 Cal.Rptr. 263]) and harmonize the individual code sections with the body of law of which they form a part. (*United Public Employees* v. *Public Employment Relations Bd.* (1989) 213 Cal.App.3d 1119, 1127 [262 Cal.Rptr. 158].)

Education Code sections 45100 to 45451[2] cover "classified employees" generally, while sections 45200 to 45320 cover classified employees in districts which have adopted merit systems. It is undisputed that herein the district has a merit system.

Section 45104 provides in pertinent part: "Every position not defined by this code as a position requiring certification qualifications and not specifically exempted from the classified service according to the provisions of Section 45103 or 45256 shall be classified as required by those sections and shall be a part of the classified service. . . . [¶] This section shall apply to districts which have adopted the merit system . . . . ." Section 45103 applies to nonmerit system districts.

---

[2]Unless otherwise indicated, all statutory references are to the Education Code.

Section 45256 provides: "(a) The Commission shall classify all employees and positions within the jurisdiction of the governing board or of the commission, except those which are exempt from the classified service, as specified in subdivision (b). The employees and positions shall be known as the classified service. 'To classify' shall include, but not be limited to, allocating positions to appropriate classes, arranging classes into occupational hierarchies . . . ."

Section 45241 provides that in merit system districts, "the governing board shall employ, pay, and otherwise control the services of persons in positions not requiring certification qualifications only in accordance with the provisions of this article."

■ The above statutory scheme has been interpreted to mandate that all persons, including supervisors, who are regularly employed by school districts and are not specifically exempted by the statutes are part of the classified service. (*California School Emp. Assn.* v. *Sequoia etc. School Dist.* (1969) 272 Cal.App.2d 98, 109-110 [77 Cal.Rptr. 187]; *California Sch. Employees Assn.* v. *Willits Unified Sch. Dist.* (1966) 243 Cal.App.2d 776, 783-785 [52 Cal.Rptr. 765].)

"Under the authority of a 1935 legislative mandate (see § 1317), merit systems were introduced into local public school personnel administration in accordance with a comprehensive statutory scheme. (§ 45240 et seq.) The statutory model established an independent personnel commission (§ 45243) charged with the duty to classify all school employees and positions not otherwise expressly exempted[7] (§ 45256; see also § 45258) and to enact rules binding upon the governing board designed to promote efficiency and merit employment (§ 45260)." (*Sonoma County Bd. of Education* v. *Public Employment Relations Bd.* (1980) 102 Cal.App.3d 689, 694-696 [163 Cal.Rptr. 464].)

The statutory scheme "is intended to impose an obligation which cannot be avoided by the use of contracts." (*California Sch. Employees Assn.* v. *Willits Unified Sch. Dist., supra,* 243 Cal.App.2d at p. 784.)

Exempt positions are demarcated as follows. Section 45256, subdivision (b) provides: "Exempt from the classified service are the following: . . . [¶] (6) Positions established for the employment of professional experts on a temporary basis for a specific project by the governing board or by the

---

"[7]In general those positions and full-time employees requiring neither certification qualifications nor teaching credentials."

commission when so designated by the commission. . . . [¶] No person whose contribution consists solely in the rendition of individual personal services and whose employment does not come within the scope of the exceptions listed above shall be employed outside the classified service."

Government Code section 53060 provides: "The legislative body of any . . . district may contract with and employ any persons for the furnishing to the . . . district special services and advice in financial, economic, accounting, engineering, legal, or administrative matters if such persons are specially trained and experienced and competent to perform the special services required."

The two key cases involving custodial and maintenance operations are *California Sch. Employees Assn.* v. *Willits Unified Sch. Dist., supra,* 243 Cal.App.2d 776, which held that a district could not contract with private firms outside the classified system for janitorial services, and *California Sch. Employees Assn.* v. *Sunnyvale Elementary Sch. Dist.* (1973) 36 Cal.App.3d 46 [111 Cal.Rptr. 433], which held that a school district could contract with a private firm for "research and development work and services" involving custodial and maintenance programs. The contract in the latter case lasted for nine months (*id.* at p. 55) and the persons retained were described as "temporary professional experts" (*id.* at p. 64).

■ On the basis of the above statutes and cases, we conclude that district's contract with ServiceMaster was invalid insofar as it authorized ServiceMaster to provide regular supervision of maintenance and custodial employees. These positions fall within the classified service and the district's merit system. Regular supervisors are not professional experts, whatever skills ServiceMaster's personnel may bring to the job. (*Jaynes* v. *Stockton* (1961) 193 Cal.App.2d 47, 51-52 [14 Cal.Rptr. 49].)

District and ServiceMaster also rely on section 35160, which provides: "On and after January 1, 1976, the governing board of any school district may initiate and carry on any program, activity, or may otherwise act in any manner which is not in conflict with or inconsistent with, or preempted by, any law and which is not in conflict with the purposes for which school districts are established." This section is of no aid to them since it does not authorize a contract which is prohibited by other sections of the Education Code and is in conflict with district's merit system. (See *Hartzell* v. *Connell* (1984) 35 Cal.3d 899, 915 [201 Cal.Rptr. 601, 679 P.2d 35]; *Eureka Teacher's Assn.* v. *Board of Education* (1988) 202 Cal.App.3d 469, 474 [247 Cal.Rptr. 790].)

## III.

■ District and ServiceMaster contend that "the trial Court erred in failing to conduct an evidentiary hearing." This contention lacks merit.

The trial court did hold an evidentiary hearing based on the many declarations and other documents filed by the parties. District's and ServiceMaster's request to present oral testimony was properly denied. In a law and motion, writ of mandate hearing, the trial court has broad discretion to decide a case on the basis of declarations and other documents rather than live, oral testimony. (See Cal. Rules of Court, rule 323; Cal. Civil Writ Practice 2d (Cont.Ed.Bar 1987) § 9.46, p. 364; *id.* (Cont.Ed.Bar Supp. 1991) § 9.43, p. 54 [citing Los Angeles Superior Court Law Department's Policy Manual]; *Ellerbroek* v. *Saddleback Valley Unified School Dist.* (1981) 125 Cal.App.3d 348, 358-363 [177 Cal.Rptr. 910].) Herein, the trial court did not abuse its discretion. The facts were adequately presented by the declarations and documents proffered by the parties.

## IV.

■ CSEA contends: "[T]he judgment should include all statutory examples of supervisory duties." This contention lacks merit. The judgment states that the board must "modify its contract with ServiceMaster to eliminate those aspects of the contract that provide for ServiceMaster to perform regular supervision of employees, including, but not limited to . . . ." Thus, it satisfactorily informs all interested parties that contracts for "regular supervision of employees" are unlawful. There are many facets to supervision. Any attempt to list them all would be unsuccessful and probably create more problems than would be solved.

## V.

■ CSEA contends that the paragraph in the judgment covering the nonsupervisory aspects of the contract should be deleted. This contention lacks merit.

Regarding such paragraph, the trial court orally stated at a hearing on the judgment: "All I did decide was in line with the supervisory. If you want me to say it for the court of appeal or whatever, I'll say it again. All I did decide was what was in the notice of motion. All that this language . . . is doing . . . on this point is trying to clarify what I decided and I didn't decide . . . anything with validity to the consulting service issue."

We conclude that the trial court acted admirably and ruled correctly. After carefully evaluating the facts and law of the case it realized that it could not

resolve the case without reaching the question of the effect of the illegal provisions on the rest of the contract. The parties were urged to brief such issue but they refused. Therefore, the trial court made the only feasible ruling; namely, that its decision on the issues argued by the parties had no effect on other provisions of the contact. It could not ignore the issue as is urged by CSEA. (*Keene* v. *Harling* (1984) 61 Cal.2d 318, 324 [38 Cal.Rptr. 513, 392 P.2d 273]; *Pacific Wharf etc. Co.* v. *Dredging Co.* (1920) 184 Cal. 21, 24-25 [192 P. 847]; *Hunter* v. *Superior Court* (1939) 36 Cal.App.2d 100, 112 [97 P.2d 492].)

## VI.

■ CSEA contends that "There is no basis for the denial of a 'private attorney general' fee award." This contention lacks merit. CSEA was properly denied attorney's fees under the private attorney general theory (Code Civ. Proc., § 1021.5) because the decision benefited its members and no important right was vindicated as the judgment simply declared that district had not complied with a statute. (*Balch Enterprises, Inc.* v. *New Haven Unified School Dist.* (1990) 219 Cal.App.3d 783, 795-796 [268 Cal.Rptr. 543]; *Austin* v. *Board of Retirement* (1989) 209 Cal.App.3d 1528, 1535 [258 Cal.Rptr. 106]; *Grimsley* v. *Board of Supervisors* (1985) 169 Cal.App.3d 960, 965-966 [213 Cal.Rptr. 108].)

## VII. *Disposition*

The judgment is affirmed. Each party to bear its own costs.

Anderson, P. J., and Reardon, J., concurred.

The petition of real parties in interest for review by the Supreme Court was denied April 16, 1992. Mosk, J., was of the opinion that the petition should be granted.