Filed 12/14/17

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| RODGER HARTNETT, | D070974 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2008-00081583-CU-WT-CTL) |
| SAN DIEGO COUNTY OFFICE OF EDUCATION et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of San Diego County, Steven R. Denton, John S. Meyer, Judges.  Reversed and remanded with directions.

Higgs Fletcher & Mack and John Morris, Steven J. Cologne, Rachel E. Moffitt for Defendants and Appellants.

Ravin Glovinsky and William W. Ravin, Jason L. Glovinsky for Plaintiff and Respondent.

Appellants and defendants San Diego County Office of Education (Office) and Randolph E. Ward appeal from a judgment in favor of plaintiff and respondent Rodger Hartnett reinstating his employment and awarding him $306,954.99 in back pay, benefits, and prejudgment interest. Defendants contend (1) collateral estoppel precluded the trial court from granting Hartnett's requested relief; (2) the court misinterpreted Education Code[1] section 45306 in its decision; and (3) the court improperly determined the amount of Hartnett's back pay without remanding that issue to the proper administrative forum, Office's personnel commission (the commission), for the commission to make factual findings on the issue.

We conclude that the trial court's sole ground for granting Hartnett's petition—that the commission did not proceed in a manner required by law because it did not conduct an investigation—is not supported by section 45306. Here, the commission fulfilled its statutory duty to investigate Office's allegations against Hartnett by conducting a four-day evidentiary hearing at which Hartnett was either present or chose to be present through his legal counsel and the parties were represented and afforded the opportunity to present oral and documentary evidence relevant to the charges, cross-examine witnesses who were sworn under oath, and argue their positions to the commission. Both Hartnett and Office agree that in the event we reach this conclusion, no further proceedings are necessary and Office and Ward are entitled to judgment in their favor. We reverse and remand for the trial court to enter judgment accordingly.

---

[1]     Statutory references are to the Education Code unless otherwise specified.

2

FACTUAL AND PROCEDURAL BACKGROUND

This court detailed the proceedings leading up to Office's appeal from the trial court's May 13, 2011 judgment in our prior October 2013 opinion (*Hartnett v. San Diego County Office of Education* (Oct. 29, 2013, D059899) [nonpub. opn.]). For purposes of this appeal, we briefly summarize some of that history, with additional facts discussed in the sections below as necessary to address Office's contentions.

After Office terminated Hartnett's employment, Hartnett in 2008 sued Office and others alleging wrongful termination and other causes of action. He then filed successive writ petitions, the first claiming a due process violation and seeking reinstatement with back pay pending completion of the administrative review process before the commission, and the second challenging the merits of his dismissal following the commission's lengthy June 27, 2008 decision. In Hartnett's second writ petition, he contested the commission's jurisdiction, the fairness and legality of its proceedings in part on grounds it did not investigate the matter as required by section 45306 before ordering a hearing, and the sufficiency of its findings. The trial court denied Hartnett's first writ petition but granted the second writ petition. It rejected Office's invocation of res judicata and collateral estoppel, but ruled the commission "did not proceed in the manner required by law because it had failed to conduct an investigation prior to the hearing as required by Education Code section 45306" and thus had not "strictly followed" the statutory procedure for dismissal, rendering Hartnett's dismissal ineffectual as a matter of law and entitling him to reinstatement. In April 2009, the court issued a writ of mandate

3

compelling Office to reinstate Hartnett and awarding him back pay from his termination date through reinstatement.

After unsuccessfully seeking to vacate that judgment and having its ensuing appeal dismissed, in November 2009 Office reinstated Hartnett, put him on administrative leave with pay and instructions not to report back to work, and tendered back wages. Hartnett responded by moving to "enforce" the writ of mandate to seek an award of "full" back pay without specified reductions he claimed Office had made. Office opposed the motion, pointing out that Hartnett never prayed for reinstatement or back pay in his second writ petition. It asserted Hartnett was procedurally barred from obtaining the requested relief, both due to res judicata and an absence of the court's authority to change its ruling or make new findings.

The trial court denied Hartnett's motion to enforce the writ, but "reopen[ed] the writ proceeding" to take evidence on the amount of back pay owed Hartnett. When Office objected that the reopening granted relief not sought by Hartnett and allowed circumvention of the exhaustion of internal grievance procedures, the court clarified that it would treat Hartnett's motion as one to amend his cause of action for a writ of mandate, and deemed it amended to include his claim for $259,358.82 in back wages and benefits. The court set an evidentiary hearing to rule on the specific amount of wages and benefits due Hartnett, giving each side two and one-half hours to present evidence and oral testimony. In doing so, the court, citing Code of Civil Procedure section 1094.5, subdivision (e), found "that evidence pertaining to the amount of back wages and benefits owed to [Hartnett] constitutes relevant evidence that, in the exercise of reasonable

4

diligence, could not have been produced or was improperly excluded at the administrative hearing."

On March 30, 2011, following that hearing and based on a lengthy statement of decision, the court issued its writ of mandate awarding Hartnett $234,703.55 in back pay, interest and health care premium reimbursement. It severed the writ proceeding from the main action and issued it under a new case number. On May 13, 2011, the court entered judgment in Hartnett's favor.

This court dismissed Office's ensuing appeal as taken from an interlocutory judgment. (*Hartnett v. San Diego County Office of Education*, *supra*, D059899.) Holding in part that the court was without authority to create jurisdiction by severing the writ proceeding from the main action, we remanded the matter with directions that the trial court vacate the judgment and issue it as an order in the original case, No. 37-2008-00081583-CT-WT-CTL.[2] (*Ibid.*)

After reassignment to a new judge and a stay of proceedings, the court in November 2015 vacated the May 13, 2011 judgment and entered it as an order in the original case. Hartnett dismissed with prejudice his claims against all defendants except Office and Ward. In June 2016, the court entered a final judgment in Hartnett's favor in

---

[2]     At the same time, we dismissed Hartnett's separate appeal from a postjudgment order denying his request for attorney fees, holding it was not taken from a directly appealable postjudgment order. (*Hartnett v. San Diego County Office of Education* (Oct. 29, 2013, D060738) [nonpub. opn.].)

the sum of $306,954.99, consisting of the previous $234,703.55 award plus $72,251.44 in prejudgment interest.

Office appeals from the June 2016 judgment.

DISCUSSION

I. *Standards of Review*

Office asserts that all of the issues it raises in this appeal are questions of law, a contention Hartnett does not challenge. We agree whether the doctrines of res judicata and collateral estoppel apply under these circumstances is a question of law that this Court reviews independently. (*Border Business Park, Inc. v. City of San Diego* (2006) 142 Cal.App.4th 1538, 1561, fn. 18; *State Farm General Insurance Company v. Workers' Compensation Appeals Bd.* (2013) 218 Cal.App.4th 258, 268, fn. 4.) The meaning of section 45306 is a question of statutory interpretation that we likewise consider de novo. (*Weatherford v. City of San Rafael* (2017) 2 Cal.5th 1241, 1247; *Gaytan v. Workers' Comp. Appeals Bd.* (2003) 109 Cal.App.4th 200, 214 [the "interpretation of governing statutes is decided de novo by the appellate court" despite the weight given to an agency's construction].) On that question, we are not bound by evidence presented below on the question or the trial court's interpretation. (*Burden v. Snowden* (1992) 2 Cal.4th 556, 562.) And whether the trial court possessed subject matter jurisdiction to take evidence and make the determination on the appropriate amount of back pay owed Hartnett, or whether it was obligated to remand the matter to the commission to make that determination, is a legal question subject to our independent review. (See *Saffer v. JP Morgan Chase Bank* (2014) 225 Cal.App.4th 1239, 1248 [" 'Where the evidence is not in

6

dispute, a determination of subject matter jurisdiction is a legal question subject to de novo review' "].)

## II. *Application of Collateral Estoppel*

Office contends the doctrine of collateral estoppel precluded the trial court from granting Hartnett any relief on his second writ petition; that the court's decision on Hartnett's first writ petition was "final and on the merits" and the procedural arguments in his second petition were identical to the arguments rejected by the trial court in his first petition. In making this argument, Office appears to conflate the doctrines of collateral estoppel and res judicata, which are distinct principles. (*DKN Holdings LLC v. Faerber* (2015) 61 Cal.4th 813, 824.)

We reject the contention, whether based on res judicata or collateral estoppel. Res judicata, known also as claim preclusion, " 'prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them.' " (*DKN Holdings LLC v. Faerber*, *supra*, 61 Cal.4th at p. 824.) It "arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit" (*ibid.*) and operates to bar relitigation of the claim altogether. (*Ibid.*) Collateral estoppel, or issue preclusion, "prohibits the relitigation of issues argued and decided in a previous case, even if the second suit raises different causes of action. [Citation.] Under issue preclusion, the prior judgment conclusively resolves an issue actually litigated and determined in the first action" as long as it is asserted against a party to the first lawsuit or one in privity with a party. (*Ibid.*) Office, as the party asserting the defense, bears the burden of establishing the requirements of

7

these doctrines have been met. (*Basurto v. Imperial Irrigation District* (2012) 211 Cal.App.4th 866, 881.)

Office has not met its burden here, involving successive writ petitions filed in the same action, challenging different aspects of Hartnett's administrative review. Office does not provide authority applying these doctrines in such circumstances. But it cannot show the doctrines apply even if the writs can be considered separate judicial proceedings. In denying Hartnett's first writ petition challenging procedural infirmities, the trial court expressly declined to address Hartnett's claims (raised in reply) with regard to irregularities that had occurred during the commission's June 2008 hearing.[3] And in granting his second petition the court rejected Office's res judicata arguments: "[T]his

---

[3]    In Hartnett's first writ petition filed in May 2007, Hartnett asserted an incomplete record had been given to the officer reviewing his termination, the attorney advising the hearing officer had an undisclosed and irreconcilable conflict of interest, he was not advised of his discovery rights or given meaningful discovery, and he had not had a substantive hearing on appeal from his October 2007 dismissal or a hearing on a second dismissal notice given to him. In that petition he concluded: "Hartnett at this point cannot petition this Court for review of his dismissal on the merits because the prerequisite administrative review process is not yet complete although seven months have passed in the interim." In denying the first petition, the court ruled: "Finally, petitioner's reply argues that the hearing held in June (after this petition was filed) did not comport with due process, and the hearing officer abused her discretion. To a large extent, this argument consists of the same alleged procedural infirmities discussed above. To the extent the reply raises new issues that arose for the first time during the hearing, such issues cannot form the basis for an order granting this petition. First, even assuming such hearing irregularities occurred, the remedy would not be reinstatement and back pay. Instead, the remedy would entail a remand to the hearing officer with instructions on the proper hearing procedures. Second, these issues cannot be addressed because the petition did not seek such relief. Petitioner's remedy was to seek to amend his petition for writ of mandate, or to file a new petition for writ of mandate challenging the conduct of the hearing. Third, this court cannot address the conduct of a hearing without a record of that hearing. No such record has been lodged."

writ proceeding is not barred simply because it is petitioner's second writ. [Office] fails to provide authority suggesting that a litigant cannot file successive writs challenging different aspects of an ongoing administrative proceeding. Also, the doctrines of res judicata and collateral estoppel are dependent on the existence of a judgment. [Citations.] Even if the two writs constitute separate 'actions,' there is no existing judgment. On the other hand, to the extent petitioner seeks to reargue the same issues, *the court will not reconsider its prior ruling*." (Italics added.) Thus, in granting Hartnett's second writ petition, the trial court did not relitigate the merits of claims or issues it had decided in Hartnett's first writ petition, precluding application of either doctrine.

### III. *Interpretation of Section 45306*

A. *The Statutory Scheme Governing Office*

It is undisputed that Office has adopted a merit system for classified employees, which is governed by sections 45240 to 45320. (See *California School Employees Assn. v. Del Norte County Unified School District* (1992) 2 Cal.App.4th 1396, 1402.) Under this statutory scheme, the power to dismiss merit system employees is vested in a school district's governing board, which is required to do so with reasonable cause. (See *California School Employees Assn. v. Personnel Commission* (1970) 3 Cal.3d 139, 142 [holding under former § 13701 et seq.]; § 45302.) The governing board's power is subject to the right of appeal to the personnel commission, whose function is to review the board's action. (*Id*. at p. 143.) Within certain time periods, written charges must be filed with the commission and a copy provided to the employee (§ 45304), who may then

9

appeal to the commission. (§ 45305; *California School Employees Assn. v. Personnel Commission*, at p. 143.) "[U]pon investigation and after a hearing at the employee's request, the commission makes its decision, which is not subject to review by the governing board." (See *California School Employees Assn. v. Personnel Commission*, at p. 143.) If the commission sustains the employee, it "shall order his reinstatement" on terms it may determine appropriate, and "may order paid all or part of his full compensation from the time of suspension, demotion, or dismissal . . . ." (§ 45307; see *California School Employees Assn. v. Personnel Commission*, at p. 143.) Personnel commission rules that purport to alter or enlarge the statutory scheme are void. (*California School Employees Assn. v. Personnel Commission*, at pp. 143-144.)

The commission's obligations following an employee's appeal are referenced in section 45306, which provides in part: "The commission shall investigate the matter on appeal and may require further evidence from either party, and may, and upon request of an accused employee shall, order a hearing. The accused employee shall have the right to appear in person or with counsel and to be heard in his own defense." Additionally, "[t]he commission may conduct hearings, subpoena witnesses, require the production of records or information pertinent to investigation, and may administer oaths. It may, at will, inspect any records of the governing board that may be necessary to satisfy itself that the procedures prescribed by the commission have been complied with. Hearings may be held by the commission on any subject to which its authority may extend as described in this article." (§ 45311.) The scheme gives the commission power to have a

10

hearing officer or other representative conduct any hearing or investigation, and present findings or recommendations to it. (§ 45312.)

In *Ahlstedt v. Board of Education* (1947) 79 Cal.App.2d 845 (*Ahlstedt*) the Court of Appeal relied upon an identically worded predecessor to section 45306 in deciding whether proceedings leading to a nonteaching employee's suspension and dismissal, and the personnel commission's review, complied with the Education Code. (*Id*. at p. 849.) There, the employee was notified she was suspended "pending investigation of charges," then dismissed from her employment. (*Id*. at p. 850.) She appealed from both the suspension and dismissal to the personnel commission and sought a hearing, but later withdrew that request. (*Id*. at pp. 850, 851.) Providing the personnel commission with notarized statements, she notified it that she relied on its investigation on appeal. (*Id*. at p. 851.) After considering a report of the personnel director's investigation of her suspension, the personnel commission decided the suspension was justified, and advised the employee it had not made findings on her dismissal since she had withdrawn her hearing request, and the matter was beyond its jurisdiction. (*Id*. at pp. 852-853.) The employee then petitioned the board of education to reopen her case on grounds the investigation was incomplete, expressing her belief that though she had waived a hearing, her charges should have been investigated and either proved or disproved. (*Id*. at p. 854.)

The trial court issued a peremptory writ of mandate directing the board of education to reinstate and pay her "all of the salary applicable to [her] position which has accumulated and accrued from the time that [she] was suspended . . . ." (*Ahlstedt*, *supra*, 79 Cal.App.2d at p. 847.) In issuing the writ, the trial court found the personnel

11

commission had never investigated, issued a decision or made findings about the employee's dismissal. (*Ibid*.)

The Court of Appeal affirmed, holding the finding was supported by substantial evidence. (*Ahlstedt*, *supra*, 79 Cal.App.2d at pp. 855, 857.) It rejected the board's argument that the only matter before the personnel commission was the employee's dismissal, observing the personnel commission's "finding that such a suspension is justified falls far short of a finding that the charges themselves have been substantiated" and that the only investigation conducted by the director was focused on the employee's *suspension*. (*Id*. at pp. 854-855.) It held the employee, a classified civil service employee, "was entitled to have the statutory procedure for dismissal strictly followed" and "[b]y waiving a hearing, the employee did not waive the right to have a full and complete investigation of the charges behind the dismissal from which she had appealed." (*Id*. at p. 855.) And, she was not required to further exhaust administrative remedies beyond asking the board to reopen her case; "[h]er waiver of a *hearing* did not relieve the personnel commission of the duty to 'investigate the matter on appeal' " under the predecessor statute to section 45306. (*Id*. at p. 855.)

The Court of Appeal turned to other questions raised on appeal: whether the employee was entitled to reinstatement and back pay, and whether the trial court was limited to remanding the matter to the personnel commission. (*Ahlstedt*, *supra*, 79 Cal.App.2d at p. 849.) As to remand, the appellate court stated the trial court was not required to remand the matter to the personnel commission for further consideration because having held substantial evidence showed the required procedures were not

12

followed, "the dismissal was abortive, ineffective, and for all purposes unauthorized, leaving nothing upon which the commission could base a hearing or further exercise of its discretion. And . . . the required procedures not being followed, the dismissal was ineffectual and [the employee] was entitled to reinstatement." (*Id*. at p. 856.) Finally, the appellate court rejected the board's argument that the employee's reinstatement should have been limited in time. (*Id*. at p. 856.) It explained that an unlawfully dismissed civil service employee was "entitled to recover the amount of his accrued salary during the period he is prevented from performing his duties, less the amount he has received from private or public employment during that period" but the record showed during the time the employee was prevented from performing her duties she was not doing other work, and thus there was "nothing to be deducted from the total accrued amount of salary she would have received had she not been unlawfully prevented by appellants from discharging the duties of her position." (*Id*. at pp. 856-857.)

B. *Analysis*

Office contends that in granting Hartnett's second writ petition, the trial court misinterpreted section 45306 as to an employee's right to a commission investigation. Office maintains *Ahlstedt*'s holding is narrow and does not support the trial court's conclusion. It argues that when a terminated employee is provided with pre-hearing discovery and is accorded a full, evidentiary hearing in the commission with the right to call and cross-examine witnesses, and when the commission makes findings on all relevant issues, the employee has no *additional right* to a separate and discrete pre-hearing investigation by the commission. Office submits that the Legislature intended

13

the review could be accomplished with either an independent investigation if no hearing is requested, or a full hearing before the commission, which constitutes the requisite investigation. According to Office, if the employee requests a hearing, as Hartnett did here, "there is nothing to be gained—from either a procedural or substantive due process perspective—by requiring the Personnel Commission to first conduct an investigation, and then, if it concludes the termination is justified, requiring it to review the same evidence again in the context of a formal hearing."

We agree *Ahlstedt* does not squarely address whether section 45306 requires the commission to conduct a separate pre-hearing investigation if the employee also requests a hearing. *Ahlstedt* merely holds that under section 45306, the commission must investigate charges behind a dismissal *regardless* of whether the employee asks for a hearing; that an employee's waiver of his or her right to a hearing does not waive the right to a full and complete investigation of the charges behind the dismissal that is the subject of appeal. (*Ahlstedt*, *supra*, 79 Cal.App.2d at p. 855.)

Thus, we proceed on basic principles of statutory construction. When we construe a statute, our " ' "fundamental task . . .' " . . . ' "is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute." . . . We begin as always with the statute's actual words, the "most reliable indicator" of legislative intent, "assigning them their usual and ordinary meanings, and construing them in context." ' [Citation.] If the words appear susceptible of more than one reasonable construction, we look to other indicia of legislative intent, bearing in mind the admonition that '[t]he meaning of a statute may not be determined from a single word or sentence' [citation] and that apparent 'ambiguities

14

often may be resolved by examining the context in which the language appears and adopting the construction which best serves to harmonize the statute internally and with related statutes.' " (*People v. Pennington* (2017) 3 Cal.5th 786, 795.)  Where the meaning is uncertain, we may also consider the consequences of a particular interpretation.  (*Even Zohar Const. & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838.)  But if the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs.  (*Ibid.*)

Here, section 45306's language is unambiguous as to the requirement of an investigation.  The Legislature's use of the word "shall," in close proximity to the word "may," constitutes a legislative mandate directing the commission to investigate the charges on appeal.  (Accord, *Tarrant Bell Property, LLC v. Superior Court* (2011) 51 Cal.4th 538, 542 [" '[w]hen the Legislature has, as here, used both "shall" and "may" in close proximity in a particular context, we may fairly infer the Legislature intended mandatory and discretionary meanings, respectively' "].)  Thus, under a plain reading of the statute, on an employee's appeal, the commission is required to conduct an investigation (it "shall investigate the matter on appeal and may require further evidence from either party").  The statute goes on to provide "and [the commission] *may*, and upon request of an accused employee shall, order a hearing."  (§ 45306, italics added.)  This gives the commission discretion to forego a hearing if the employee does not request one, but mandates a hearing on the employee's request.  If an employee foregoes a hearing and the commission elects not to conduct one as the statute permits, the commission must

nevertheless investigate the matter so as to "substantiat[e]" the charges. (*Ahlstadt*, *supra*, 79 Cal.App.2d at p. 854.)

Section 45306 is silent, however, on whether the commission's investigation of the charges may be conducted at the hearing, at which the commission may take evidence and witness testimony. Though the statute mandates an investigation, it does not dictate how such an investigation must be conducted, and it does not preclude the commission from doing so during the course of the hearing. Rather, the merit system scheme gives the commission broad discretion in conducting hearing and investigations. (§§ 45311, 45312.) We will not rewrite the statute to include a pre-hearing investigation requirement where the Legislature has not provided for one. (*J.M. v. Huntington Beach Union High School District* (2017) 2 Cal.5th 648, 657, fn. 7.)

In this case, the commission conducted a hearing over the course of four days, took evidence, issued subpoenas, weighed the evidence presented by both sides, and issued a lengthy (21-page) statement of findings and decision. Its findings state that both sides were given the opportunity to present oral and documentary evidence, cross-examine witnesses, and make oral and written arguments. Hartnett was either present or chose not to be present and proceeded via counsel. In this way, the commission satisfied its duty to investigate and determine the truth of the allegations against Hartnett, and whether his termination was warranted. Because section 45306 does not *mandate* that an investigation and hearing be independently conducted, or prevent the investigation and hearing from taking place at the same time or being done concurrently, we reverse the trial court's judgment, which was based solely on the ground that the commission "did not

16

proceed in the manner required by law because it failed to conduct an investigation prior to the hearing as required by Education Code section 45306."

Despite our conclusion, we reject any suggestion by Office that a commission's investigation conducted outside of a public hearing would violate the Ralph M. Brown open meetings act (Gov. Code, § 54950 et seq.). It is not the case that an investigation would necessarily entail a commission meeting, a "collective acquisition and exchange of facts" or some kind of "session or conference" of commission members.[4] (See *Roberts v. City of Palmdale* (1993) 5 Cal.4th 363, 375-377; *Sacramento Newspaper Guild v. Sacramento County Bd. of Supervisors* (1968) 263 Cal.App.2d 41, 47-48, 50.) An investigation does not require "collective" deliberation or a gathering of commission members. (Accord, *Roberts v. City of Palmdale*, at p. 376 [Brown Act was intended to apply to collective action of local governing boards and not to the passive receipt by individuals of their mail]; *Frazer v. Dixon Unified School District* (1993) 18 Cal.App.4th 781, 796-798 [holding there was no evidence of the required "collective deliberation" by board members where there was one-way transmission to and solitary review by members of background materials relating to the issue and thus no Brown Act violation

---

[4]     In making this argument, Office states that asking the commission to investigate is "no different" from asking a court to investigate the termination, and a personnel commission " 'investigates' simply by reviewing the materials provided to it by the employer and the employee, and then determining if adequate information supports the termination." This argument ignores the commission's ability to "require further evidence from either party" (§ 45306) in conducting its investigation, giving it discretion to identify, collect and examine other relevant documents and evidence beyond what the parties supply.

17

as to those actions].) The statute authorizes the commission to designate an investigator to review, collect and assess materials to substantiate the claims against an employee and forward his or her conclusions to commission members for their solitary review without risking a violation. (§ 45312; see, e.g., *Roberts v. City of Palmdale*, at p. 375 ["the action of one public official is not a 'meeting' within the terms of the act; a hearing officer whose duty it is to deliberate alone does not have to do so in public"].)

The trial court granted Hartnett's petition without considering Hartnett's additional claims that the commission's decision was unsupported by its findings, or that its findings were not supported by the evidence. However, the parties conceded at oral argument that if this court concludes, as we have, that the commission conducted an investigation within the meaning of section 45306, no further proceedings below are necessary and Office is entitled to judgment in its favor. We need not reach Office's final contention that the trial court lacked subject matter jurisdiction to set a hearing and take evidence on the issue of the amount of back pay owed Hartnett.

18

DISPOSITION

The judgment is reversed and the matter remanded to the trial court to enter judgment in favor of San Diego County Office of Education and Randolph E. Ward. Office and Ward shall recover costs on appeal.


O'ROURKE, J.

WE CONCUR:


HUFFMAN, Acting P. J.


HALLER, J.